USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOCKHEED MARTIN TRANSPORTATION SECURITY SOLUTIONS, AN OPERATING UNIT OF LOCKHEED MARTIN CORPORATION,

      Plaintiff,

- against -

MTA CAPITAL CONSTRUCTION COMPANY and METROPOLITAN TRANSPORTATION AUTHORITY,

      Defendants.

**ORDER**

09 Civ. 4077 (PGG)

---

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, FEDERAL INSURANCE COMPANY, and SAFECO INSURANCE COMPANY OF AMERICA,

      Plaintiffs,

- against -

METROPOLITAN TRANSPORTATION AUTHORITY, MTA CAPITAL CONSTRUCTION COMPANY, NEW YORK CITY TRANSIT AUTHORITY, and LOCKHEED MARTIN CORPORATION,

      Defendants.

09 Civ. 6033 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

      By letter dated August 3, 2009, Plaintiff Lockheed Martin has requested relief relating to Defendant MTA's alleged spoliation of evidence. Lockheed Martin contends that in the months after this litigation was commenced, MTA employees deleted thousands of files stored on the hard drives of ten Lockheed Martin-owned laptop computers. These laptops – which are now in Lockheed Martin's possession – were used by MTA employees working at a field office. All of the employees were assigned to the project at issue in this litigation. (8/3/09 Chartan Ltr. at 2-8)

Lockheed Martin has supported its allegations with a detailed declaration from its third-party computer forensics specialist. (See Souders Decl.) Lockheed Martin has also provided detailed information concerning each of the allegedly deleted files, including the file name, the date the file was last modified, and the path to the file. (Id. ¶ 10 & Ex. D)

This Court previously ordered MTA to respond to Lockheed Martin's spoliation allegations by August 10, 2009. On August 3, 2009, MTA requested that it be permitted to inspect the hard drives before submitting its response. (8/3/09 Lipton Ltr. at 2-3) Lockheed Martin objects to allowing the inspection until MTA has explained how it intends to inspect the hard drives and provides assurances that the integrity of the data will be maintained. (8/5/09 Chartan Ltr. at 5)

MTA has not explained why it needs to inspect the hard drives before responding at least in part to the evidence of spoliation offered by Lockheed Martin. Accordingly, MTA is directed to submit a response no later than August 10, 2009 addressing the following issues: (1) the steps it has taken to preserve potentially relevant documents (including details concerning the content and recipients of any document hold notices issued in connection with this litigation, and the dates when the document hold notices were distributed); (2) whether document hold notices were distributed to the MTA employees utilizing the ten Lockheed Martin computers at issue; (3) the basis for MTA counsel's statement that "MTA personnel made a complete copy of" the files at issue and that "[n]othing was lost or destroyed"; (4) how those copies are currently being maintained; and (5) why MTA employees deleted files from the hard drives at issue after the complaint in this action was served.

2

On or before August 10, 2009, MTA shall propose to Lockheed Martin a plan for inspecting the ten hard drives at issue in a manner that preserves the integrity of the data on the drives. The parties shall attempt to reach agreement on the parameters of an inspection by MTA by August 15, 2009, and shall submit a joint status letter to the Court concerning their proposed resolution of the inspection dispute by that date.

Dated:    New York, New York
            August 6, 2009

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge

3