UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LOCKHEED MARTIN TRANSPORTATION SECURITY
SOLUTIONS, AN OPERATING UNIT OF LOCKHEED
MARTIN CORPORATION,                                           No. 09 cv 4077 (PGG)(GWG)

                         Plaintiff,

                -against-

MTA CAPITAL CONSTRUCTION COMPANY and
METROPOLITAN TRANSPORTATION AUTHORITY,

                        Defendants.
------------------------------------------------------------------------x
TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA, FEDERAL INSURANCE COMPANY,                        No. 09 cv 6033 (PGG)(GWG)
and SAFECO INSURANCE COMPANY OF AMERICA,

                        Plaintiff,

                -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
MTA CAPITAL CONSTRUCTION COMPANY, and
NEW YORK CITY TRANSIT AUTHORITY,

                        Defendants.
------------------------------------------------------------------------x

## DECLARATION OF DONATO A. ANTONUCCI
## ON BEHALF OF LOCKHEED MARTIN CORPORATION
## IN OPPOSITION TO
## MTA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

I, DONATO A. ANTONUCCI, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.     I was the Senior Staff Contracts Negotiator for Lockheed Martin Transportation Security Solutions, an operating unit of Lockheed Martin Corporation ("Lockheed Martin") on the Integrated Electronic Security Solutions ("IESS") Project that is the subject of this litigation.

2.     I respectfully submit this declaration in opposition to Defendants' Metropolitan Transportation Authority and MTA Capital Construction Company (together, "MTA"'s) motion to compel the production of certain documents designated as privileged or work product by Travelers Casualty and Surety Company of America, Federal Insurance Company, and Safeco

Insurance Company of America (collectively, the "Sureties").

3. I understand that MTA seeks to force the production of certain documents that I authored, received, or was copied on (the "Antonucci Documents"), between July 1, 2009 through August 27, 2009.

4. For reference, this litigation was filed on April 24, 2009.

5. MTA then terminated Lockheed Martin's contract at issue in this litigation on June 12, 2009.

6. After June 12, 2009, Lockheed Martin began to demobilize the program and the parties actively litigated this matter.

7. Lockheed Martin was informed by the Sureties' counsel that it was preparing to commence litigation against the MTA and Lockheed Martin seeking a declaration of the respective parties' rights and obligations under the Surety bonds. Thereafter, on July 2, 2009, the Sureties commenced their litigation.

8. I was directed by Lockheed Martin's counsel to fully cooperate with the Sureties and the Sureties' counsel in order to assist them in preparing for litigation against the MTA.

9. During the pertinent time period set forth at Paragraph 3 above (between July 1, 2009 through August 27, 2009), in my position as Senior Staff Contracts Negotiator my responsibilities included–because MTA had terminated Lockheed Martin's work on the project: assisting Lockheed Martin in-house counsel (primarily Barbara Loscalzo, Esq. or Robert Pezzimenti, Esq.), outside litigation counsel Duane Morris LLP (primarily Michael Chartan, Esq.), and the Sureties in furtherance of the ongoing litigation.

10. During that time, I was acting under the direction of Lockheed Martin counsel or outside litigation counsel Duane Morris LLP in furtherance of the litigation.

11. The Antonucci Documents include:

  a. An email I sent on August 27, 2009, and the document I attached to that email, to Michael W. Spinelli, Donald W. Kane, Louis M. Baldassarre, who I understand were each employees of Cashin Spinelli, the consulting expert retained by the Sureties or by Sureties' counsel; Bruce L. Corriveau, Esq., who I understand was an attorney employed by one of the Sureties; and Adam P. Friedman, Esq., outside litigation counsel for the Sureties. The email was copied to Lockheed Martin employees Jim Williamson, Gary Porter, and Jeff Jacobi; Lockheed Martin in-house counsel Barbara Loscalzo, Esq.; and Lockheed Martin outside litigation counsel Michael L. Chartan, Esq. My email responded to Cashin Spinelli's request for information and/or documents pertaining to specific positions taken by MTA in the litigation and/or responses thereto. (See MTA Exhibit N, Page 5 of 5, "Category C," Line 18 of 18, referring to "Document Number" "166"). Documents numbered 162 and 163, lines 14 and 15 of 18, appear to be duplicates of the email sent on August 27, 2009, discussed above.

12. It was my understanding that documents prepared for Lockheed Martin's Sureties or the Sureties' consulting experts after July 1, 2009 was in anticipation of litigation or for trial and are protected from disclosure based on the federal court rules.

13. Messrs Spinelli, Kane, and Baldassare were employed by Cashin Spinelli, consulting experts retained by counsel for the Sureties or directly by the Sureties, as a result of MTA's termination of the contract and in furtherance of the litigation between MTA and Lockheed Martin.

14. It was my understanding that my communications with Cashin Spinelli, the Sureties, and the Sureties' attorneys after July 1, 2009, was directly related to my role supporting Lockheed Martin outside litigation counsel and counsel for the Sureties in furtherance of the

litigation against MTA, so that they could render legal advice and counsel, and that such communications were protected from disclosure.

15. The Antonucci Documents also include:

   a. Additional emails that I was copied on dated July 1, 2009, weeks after MTA terminated the program and well into the litigation, from Jim Williamson (a Lockheed Martin Director of Engienering) and from Louis M. Baldassarre of Cashin Spinelli, providing additional information or documents pertaining to positions taken by MTA in the litigation and/or responses thereto. (See MTA Exhibit N, Page 5 of 5, "Category C," Lines 1 and 2 of 18, referring to "Document Numbers" "149" and "150").

16. It was my understanding that these communications were solely for purposes of and in furtherance to the litigation between MTA and Lockheed Martin.

17. It was my expectation with respect to the Antonucci Documents that any privileged or protected materials would be kept confidential and would not be shared with unnecessary third parties. To my knowledge, there has been no such disclosure.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, _____
November 29, 2011

_____
DONATO A. ANTONUCCI

DM1\2976271.2