```
                                                  SDNY
                                                  DOCUMENT
                                                  ELECTRONICALLY FILED
                                                  DOC #
                                                  DATE FILED: 12/5/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LOCKHEED MARTIN TRANSPORTATION SECURITY
SOLUTIONS, AN OPERATING UNIT OF LOCKHEED
MARTIN CORPORATION,                                             No. 09 cv 4077 (PGG)(GWG)

                Plaintiff,

            -against-

MTA CAPITAL CONSTRUCTION COMPANY and
METROPOLITAN TRANSPORTATION AUTHORITY,

                Defendants.
------------------------------------------------------------x
TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA, FEDERAL INSURANCE COMPANY,                          No. 09 cv 6033 (PGG)(GWG)
and SAFECO INSURANCE COMPANY OF AMERICA,

               Plaintiffs,                              **ORDER**

            -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
MTA CAPITAL CONSTRUCTION COMPANY, and
NEW YORK CITY TRANSIT AUTHORITY,

                Defendants.
------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

After consultation with the parties, the following scheduling order is adopted by the

Court pursuant to Rule 16 of the Federal Rules of Civil Procedure:

1. Depositions shall continue. Parties shall cooperate in the scheduling of depositions such that fact depositions occur at the rate of approximately two per week, unless the parties agree otherwise.

2. Schedule for all discovery:

      a. All discovery including depositions of noticed fact witnesses (Pezik, Gooden, Blizzard), damage witnesses (Berl, Christen) and experts (witnesses to be agreed to by the parties) shall be completed by February 8, 2013. Plaintiffs reserve their right to depose Susan Kupfernan and George Kocur. Defendants reserve their right to depose ARINC. All parties reserve their rights under the Federal Rules of Civil Procedure

DM1\3628881.1

       including moving for a protective order with respect to any of the afore-mentioned witnesses.

    b. Disclosure of the identities and reports of any expert intended by an opposing party solely to contradict or rebut the previously-disclosed expert evidence contained in the reports disclosed by Lockheed Martin on June 21, 2011 (the Aella Consulting Group/Louis T. DeStefano report) and disclosed by MTA on June 17, 2011 (the SafirRosetti/Guidepost Solutions Report) and June 21, 2011 (the Dnutch Associates Report) shall be made by Friday, December 7, 2012.

    c. Depositions of experts and party damages witnesses shall be completed by Friday, February 8, 2013.

    d. The deadline for all discovery shall be Friday, February 8, 2013.

3. Any request to Judge Gardephe to file a motion for summary judgment shall be submitted to him by Friday, February 22, 2013.

4. If no party so requests, Lockheed Martin Transportation Security Solutions, an Operating Unit of Lockheed Martin Corporation will supply pretrial order materials to defendant(s) MTA Capital Construction Company, Metropolitan Transportation Authority, and New York City Transit Authority, and to Travelers Casualty and Surety Company of America, Federal Insurance Company, and Safeco Insurance Company of America, in accordance with the requirements of the rules of the assigned District Judge on or before Friday, March 8, 2013. The pre-trial order shall be filed within 15 days thereafter. If, however, a dispositive motion is served on or before the date in the previous paragraph, the due date of the plaintiff's portion of the pretrial order materials shall be extended to 30 days following decision on the dispositive motion and the pretrial order shall be filed within 15 days thereafter.

5. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. 'Good cause' as used in this paragraph does not include circumstances within the control of counselor or the party. Any application not in compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

6. All applications to the Court must comply with this Court's Individual Practices, which are available through the Clerk's Office or at: http://www1.nysd.uscourts.gov/judge_info.php?id=67. Discovery applications -- that is, any application or motion pursuant to Rules 26 through 37 or 45 -- not only must comply with

¶2.A. of the Court's Individual Practices but also must be made promptly after the cause for such an application arises. In addition, absent extraordinary circumstances no such application will be considered if made later than 30 days prior to the close of discovery. Untimely applications will be denied.

SO ORDERED.

Dated: New York, New York
       December 5, 2012

GABRIEL W. GORENSTEIN
United States Magistrate Judge