Gorenstein.

*USDC SDNY*
*DOCUMENT*
*ELECTRONICALLY FILED*
*DOC #: _____*
*DATE FILED: 2/13/13*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
LOCKHEED MARTIN TRANSPORTATION SECURITY
SOLUTIONS, AN OPERATING UNIT OF LOCKHEED
MARTIN CORPORATION,

           No. 09 cv 4077 (PGG)(GWG)

      Plaintiff,

   -against-

MTA CAPITAL CONSTRUCTION COMPANY and
METROPOLITAN TRANSPORTATION AUTHORITY,

      Defendants.
---------------------------------------------------------------- x

TRAVELERS CASUALTY AND SURETY COMPANY   No. 09 cv 6033 (PGG)(GWG)
OF AMERICA, FEDERAL INSURANCE COMPANY,
and SAFECO INSURANCE COMPANY OF AMERICA,   **STIPULATED**
                        **PROTECTIVE ORDER**
      Plaintiff,            **FOR INADVERTENTLY**
   -against-             **DISCLOSED PRIVILEGED**
                           **DOCUMENTS**

METROPOLITAN TRANSPORTATION AUTHORITY,
MTA CAPITAL CONSTRUCTION COMPANY, NEW
YORK CITY TRANSIT AUTHORITY, and LOCKHEED
MARTIN CORPORATION,

      Defendants.
---------------------------------------------------------------- x

    The parties hereto, through their undersigned counsel, hereby stipulate, agree and request the Court to direct entry of the following Order ("Protective Order") pursuant to Federal Rule of Civil Procedure 26(c) for the protection of nonpublic or competitively sensitive information or inadvertently disclosed privileged documents in connection with the production of Sy Coleman documents pursuant to Subpoenas dated August 29, 2012 and October 1, 2012:

    1. The parties acknowledge and stipulate that the terms of the Stipulated Confidentiality Agreement and Protective Order So Ordered on June 22, 2009 shall apply to the

Page 1 of 4

production by L-3 National Security Solutions ("L-3") of SY Coleman, a legacy L-3 company, documents provided in response to the subpoena and that L-3 shall have the right to enforce such Order. A true copy of such Order is attached to this Order.

2. The production in this action of any document, produced pursuant to a request for production made in accordance with the Federal Rules of Civil Procedure, exempt from disclosure as privileged, as provided in Rules 501 - 502 of the Federal Rules of Evidence and/or any other relevant and applicable federal or New York statute(s), case law, or agreement between or among any of the parties hereto, including, but not limited to, attorney-client privilege or the attorney work-product, proprietary, confidential, or joint defense or common interest doctrines ("Inadvertently Produced Privileged Document"), by one of the parties or a non-party or any other party shall be deemed to be inadvertent, irrespective of whether the producing party took reasonable steps to prevent disclosure, and shall not operate as a waiver of the disclosing party's right to assert privilege as to said document, in this action or in connection with any other matter, regardless of jurisdiction or forum, provided that the disclosing party shall promptly notify the receiving party in writing of such inadvertent production as soon as it has discovered such inadvertent production. The disclosing party may request the return of any Inadvertently Produced Privileged Document.

3. The production in this action of any document that is not responsive to the document requests of the requesting parties, as limited by the producing party's objections, and that is proprietary in nature or constitutes Security Sensitive Information (as defined in the MTA Security Sensitive Information Handbook, dated March 15, 2006) and which does not arise out of Contract C-52038 ("Inadvertently Produced Non-Project Document"), shall be deemed to be inadvertent, irrespective of whether the producing party took reasonable steps to prevent disclosure, and shall not

operate as a waiver of the disclosing party's right to assert that the document be returned. The disclosing party may request the return of any "Inadvertently Produced Non-Project Document."

4. Should outside counsel for any party receiving documents discover during its review that any other party has produced a document which it knows or reasonably should have known to be an Inadvertently Produced Privileged Document, then outside counsel for the receiving party shall notify the producing party of the same, without waiver of any rights by the receiving party. Upon such notice, the disclosing party may request that outside counsel for the receiving party return any Inadvertently Produced Privileged Document.

5. A request for the return of an Inadvertently Produced Privileged Document or an Inadvertently Produced Non-Project Document shall be governed by the process and in accordance with the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

6. This stipulation may be signed by facsimile signature and/or in counterpart, but is not effective until all parties have signed the Stipulation.

DUANE MORRIS LLP
Attorneys for Lockheed Martin Transportation Security Solutions, An Operating Unit Of Lockheed Martin Corporation
1540 Broadway
New York, New York 10036
(212) 692-1000

By: _____
MICHAEL CHARTAN (MC 4609)

HOGUET NEWMAN REGAL & KENNEY, LLP
Attorneys for Metropolitan Transportation Authority, MTA Capital Construction Company, New York City Transit Authority
10 East 40th Street
New York, New York 10016
(212) 689-8808

By: _____
IRA LIPTON (IL 4835)

WOLFF & SAMSON PC
Attorneys for Travelers Casualty and Surety Company Of America, Federal Insurance Company, And Safeco Insurance Company of America

Page 3 of 4

DM1\3689575.1

One Boland Drive
West Orange, NJ 07052
(973) 530-2052

By: _____
ADAM P. FRIEDMAN  (AF 5700)

SO-ORDERED

_____  February 13, 2013
Hon. Gabriel W. Gorenstein, U.S.M.J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/09

---

LOCKHEED MARTIN TRANSPORTATION
SECURITY SOLUTIONS, AN OPERATING UNIT
OF LOCKHEED MARTIN CORPORATION,

    Plaintiff,

-against-

MTA CAPITAL CONSTRUCTION COMPANY and
METROPOLITAN TRANSPORTATION
AUTHORITY,

    Defendants.

No. 09 CV 4077

STIPULATED
CONFIDENTIALITY
AGREEMENT AND
PROTECTIVE ORDER

---

PAUL G. GARDEPHE, U.S.D.J.:

    WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic or competitively sensitive information that they may need to disclose in connection with discovery in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

    IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, or any other documents or information defined as "Confidential Information" in Section XI of the Agreement that forms part of Contract No. C-52038 between the parties, no person subject to this Order may disclose such Confidential Discovery Material or Confidential Information to anyone else except as this Order expressly permits:

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed security-sensitive information, including but not limited to information defined as "Confidential Information" in Section XI of the Agreement known as Contract No. C-52038 between the parties.

(b) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(c) previously non-disclosed material relating to ownership or control of any non-public company;

(d) previously non-disclosed business plans, product-development information, or marketing plans;

(e) any information of a personal or intimate nature regarding any individual; or

(f) any other category of information this Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material or Confidential Information other than deposition transcripts and exhibits, the Producing Party or its counsel may

2

designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. Any Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material or Information either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this action a Party realizes that it should have designated as Confidential some portion(s) of Discovery Material or Confidential Information that it previously produced without limitation, the Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material or Confidential Information as Confidential.

3

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. With respect to Discovery Material a party has designated as Confidential, or with respect to Confidential Information, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

4

(i) this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material or Confidential Information to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

10. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Confidential Information and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material or Confidential Information introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

5

11. In filing Confidential Discovery Material or Confidential Information with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material or Confidential Information ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3(E) of this Court's Individual Practices.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3(E) of this Court's Individual Practices.

14. Recipients of Confidential Discovery Material or Confidential Information under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

05/27/2009   Case 1:09-cv-04077-PGG-GWG   Document 18   Filed 06/22/09   Page 7 of 10   PAGE 09/12

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material or Confidential Information designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material or Confidential Information must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

7

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Duane Morris LLP

By: *Michael Chartan (MC 4604)*
    Attorneys for Plaintiff

Dated: May 27, 2009

Hoguet Newman Regal & Kenney, LLP

By: *[signature]*

Dated:

Dated: New York, New York

June 22, 2009

SO ORDERED:

*[signature]*

Paul G. Gardephe
United States District Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Plaintiff(s),

___ Civ. ___ (PGG)

- against -

Defendant(s).

NON-DISCLOSURE

AGREEMENT

9

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____