UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| LOCKHEED MARTIN TRANSPORTATION SECURITY SOLUTIONS, AN OPERATING UNIT OF LOCKHEED MARTIN CORPORATION,<br><br>    Plaintiff,<br><br>    -against-<br><br>MTA CAPITAL CONSTRUCTION COMPANY and METROPOLITAN TRANSPORTATION AUTHORITY,<br><br>    Defendants. | No. 09 CV 4077 (PGG)(GWG) |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, FEDERAL INSURANCE COMPANY, and SAFECO INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiffs,<br><br>    -against-<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, MTA CAPITAL CONSTRUCTION COMPANY, NEW YORK CITY TRANSIT AUTHORITY, and LOCKHEED MARTIN CORPORATION,<br><br>    Defendants. | No. 09 CV 6033 (PGG)(GWG) |

### JOINT STIPULATION AND
### PROTECTIVE ORDER GOVERNING DISCOVERY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Local Rules of this Court, and for good cause shown, the parties to the above-captioned action hereby stipulate and agree, and it is hereby ORDERED, that the following procedures and provisions shall apply in this civil action in

{00028888.DOC}

order to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of certain documents and information, to protect adequately any and all proprietary or confidential information owned or provided by Science Applications International Corporation (SAIC) currently in the possession of the New York Metropolitan Transpotation Authority (MTA).

1. This Protective Order governs the designation, disclosure, protection and use of confidential and proprietary information owned or provided by SAIC that is presently in the possession of MTA. Upon entry by the Court of this Order, MTA shall be authorized to disclose "protected information" as defined below to Lockheed Martin's and the Sureties' outside counsel in accordance with the requirements set forth in this Order.

2.a. In this Order the term "protected information" shall mean confidential and proprietary information as has been designated by SAIC in its proposals that are presently in the possession of MTA, to include, but is not be limited to, all confidential and proprietary information included in, attached to and contained in all proposals submitted to MTA by either SAIC in response to any MTA past procurement or solicitation issued by the MTA for professional services to include their respective proposals submitted in response to MTA RFP No.: C-52038, "Design, Development, Furnishing, and Installation of an Integrated Electronic Security System (IESS) and Security Operations (C3 Centers) at Various MTA Locations", first submitted on July 22, 2005 and including any subsequent Best and Final Offer proposals, and including all SAIC subcontractors', joint venture partners', consortium members', and suppliers' confidential or proprietary information that was included in, attached to, or contained in the above referenced SAIC proposal to MTA.

2.b. Information designated as "protected information" may be all or part of a document or thing, testimony, interrogatory answer, admission, or other form of evidence or discovery.

3. MTA shall designate as "protected information" all information that was included in, attached to, or contained in the above referenced proposal submitted by SAIC in response to MTA

{00028888.DOC}

RFP No.: C-52038, "Design, Development, Furnishing, and Installation of an Integrated Electronic Security System (IESS) and Security Operations (C3 Centers) at Various MTA Locations".

4.   Any discovery produced in this litigation by the MTA related to or consisting of any protected information as described in paragraphs 2 and 3 above shall be produced only to Lockheed Martin's and the Sureties' outside counsel (and related support staff), who shall not disclose any portion of that production to anyone else particularly any employee (temporary or permanent), officer, director, representative of, or consultant to Lockheed Martin and the Sureties' except as is set forth in paragraph 8 below.

5.   Protected information shall be designated during this litigation by the following procedure:

(a)   When a document to be produced for inspection contains protected information, the producing party shall notify the inspecting party.

(b)   When a document is produced or when an inspecting party requests a copy of a document, the producing party shall designate the copy as containing protected information by marking the first page of the copy or by marking the box, envelope or container in which the document is transmitted. If a copy of a document containing protected information is produced by fax machine, the producing party shall designate the copy as containing protected information by marking the fax cover sheet and the first page of the copy.

(c)   When deposition testimony is or contains protected information, a party's attorney of record shall designate that testimony as containing protected information by timely notifying others present. The deposition reporter shall then mark each page of the transcript that reports designated testimony. Alternatively, a party's attorney of record may, during a thirty (30) day period after receipt of a copy of said deposition transcript, designate by page and line or exhibit description those portions of the transcript or exhibits which contain protected information. The

parties may also designate the entire deposition testimony of a witness as containing protected information.

  (d) When a response to an interrogatory or request to admit contains protected information, the response shall be designated as such by marking.

  6. Documents or other materials containing protected information shall not be filed with the Court except when required by Court rules or in connection with motions or other matters pending before the Court. A party intending to file or lodge with the Court any document incorporating protected information shall provide the other party with five working days' notice of its intention to do so. Any document(s) incorporating protected information that are filed with the Court shall be: (a) marked on the first page, "Confidential – Subject to a Protective Order";(b) sealed and delivered to the Clerk of the Court; and (c) shall not be available for public inspection. The envelope used to seal such document(s) shall carry the appropriate notation:

**CONFIDENTIAL**
The contents of this envelope are subject to a Protective Order.
United States District Court
for the Southern District of New York
Metropolitan Transportation Authority v. Lockheed Martin, Corp.
Civil Action No._____

The Clerk shall maintain such document(s) under seal subject to further order of the Court.

  7. Protected information shall be marked pursuant to paragraphs 5 and 6 of this Order by the placement of an appropriate stamp, sticker or other indicia of substantially the following form:

Protected Information
Disclosure subject to Protective Order
Documents [INSERT BATES RANGE]

  8. Protected information may be disclosed only to those persons who have an actual need to access protected information for anticipated use in this case as follows:

  (a) Attorneys, retained as outside counsel, representing the Plaintiffs in this action, consisting of Mr. Michael Chartan, Esq. of the law firm Duane Morris, LLP, represented Lockheed Martin, any other Duane Morris attorneys assigned to this case and any non-attorney

{00028888.DOC}

support staff members employed by such attorneys, and Mr. Adam Friedman, Esq., of the law firm Wolff & Samson PC, representing the Sureties, any other Wolff & Samson attorneys assigned to this case and any non-attorney support staff members employed by such attorneys

    (b)    Experts or consultants who have been retained by a party who have a reasonable need, relating to this litigation, for access to protected information produced by the opposing party and who have executed an acknowledgment form, shown as Appendix A to this Protective Order. All acknowledgement forms shall be provided to the respective owner of the protected information being disclosed (SAIC ). Prior to disclosure of protected information to an expert or consultant retained by a party, that party's attorney of record seeking to disclose such protected information shall: (1) notify the respective owners of the protected information (SAIC) in advance of such use, through the following point of contact: Jim Shangle, 8301 Greensboro Dr., mail stop E36, McLean, VA 22102. (2) inform SAIC of the identity and of the expert or consultant, and (3) permit SAIC a reasonable amount of time to decide if it will object to the disclosure of any such protected information to such expert or consultant. To the extent SAIC makes an objection, the parties agree they will first attempt to resolve any objection informally. If the objection cannot be resolved informally, relief from the Court may be sought. Until resolution, no protected information shall be disclosed to the expert or consultant.

    (c)    The Court and all of its support personnel.

    (d)    Court reporters/videographers retained to record and/or transcribe testimony in this action.

    (e)    To the extent any protected information will be used in any depositions attended by any Lockheed Martin employees or Sureties' employees, Lockheed Martin's or the Sureties' attorney of record seeking to use such protected information shall: (1) notify the

respective owners of the protected information (SAIC) in advance of such use, (2) inform SAIC of the identity and job responsibilities of the particular Lockheed Martin or Surety employee, and (3) permit SAIC a reasonable amount of time to decide if it will object to the disclosure of any such protected information to Lockheed Martin's or the Sureties' employee during the deposition. To the extent SAIC makes an objection, the parties agree they will first attempt to resolve any objection informally. If the objection cannot be resolved informally, relief from the Court may be sought. Until resolution, no protected information shall be disclosed during the deposition to the Lockheed Martin or Surety employee.

9. The substance or contents of any protected information, as well as any notes, abstracts, copies, summaries and memoranda relating thereto shall not be disclosed to or accessible by anyone other than a person qualified to obtain protected information pursuant to this Protective Order.

10. All protected information produced in this litigation, shall be used solely in preparation for trial and/or appeal of this action, and shall not be used or disclosed at any other time or for any other purpose whatsoever.

11. It shall be the duty and responsibility of counsel of record to ensure that documents and things containing protected information subject to counsel's control shall at all times be kept in a safe and secure fashion to ensure that such information is not disclosed to or made accessible to persons other than those specifically authorized to review protected information under this Protective Order. Counsel of record shall be directly responsible to the Court for fulfilling these responsibilities.

12. The inadvertent or unintended disclosure by a party or its agents, including but not limited to photocopy firms, graphics firms, and delivery services, of protected information, or the inadvertent or unintended failure to designate protected information as confidential, shall not be deemed a waiver in whole or in part of a subsequent claim of protection under this Protective Order,

either as to the specific information disclosed or as to any other such information, provided that the inadvertent or unintended disclosure is promptly identified by the disclosing party and notice of the claim of protection is given to the other party.

13. A party shall not be obligated to challenge the propriety of any designation of protected information at the time of designation, and a failure to do so shall not preclude a subsequent challenge to the designation. If a party objects to any designation of such information the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, either party may seek appropriate relief from the Court, which may if ordered by the Court include an in camera inspection by the Court, to determine if the information so challenged shall keep its designation as protected information.

14. Within thirty (30) days after the termination of this action, including any appeal or retrial, the originals and all copies of protected information produced under this Protective Order shall be destroyed or given to the party that produced such information, or to its attorney, except that one copy of such information appended to a pleading and one copy of each deposition transcript containing such information may be retained in the files of each outside trial attorney. Counsel shall also be permitted to retain a complete copy of those materials that constitute attorney work product generated in connection with this case, even if that work product refers to protected information. Any information so retained shall be maintained pursuant to this Protective Order, and by retaining the information each outside trial attorney agrees to the continuing jurisdiction of the Court for purposes of enforcing this Protective Order. All persons who have received protected information under this protective order shall certify compliance with this paragraph in writing not more than sixty (60) days after the termination of this action.

15. Outside counsel of record for each party shall maintain the original signed acknowledgments. A party producing protected information shall be entitled to obtain the acknowledgment forms set forth above upon a showing of good cause, such as a suspected misuse of

{00028888.DOC}

protected information. The party producing the protected information shall advise counsel of record of the general nature of the good-faith basis for the need to obtain the acknowledgments. Within ten (10) days after said request, or upon shorter time if ordered by the Court, counsel of record possessing the acknowledgments shall either surrender the acknowledgments to the party producing the protected information, or alternatively, deposit the acknowledgments with the Court. If the acknowledgments are deposited with the Court, the party producing the protected information may move the Court for an order entitling it to obtain the acknowledgments.

16. Upon final termination of this action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of this Order.

17. The disclosing party may apply to the Court for additional protection or disclosure beyond the terms of this Order with respect to protected information, as that party may consider appropriate.

18. The disclosure of protected information pursuant to discovery in this action or pursuant to the terms of this Order shall not constitute a waiver of any trade secret rights, intellectual property rights, proprietary rights, or other rights to or in such documents or other information. It is expressly acknowledged that no such rights or interests shall be affected in any way by the production or disclosure of information in connection with this action.

19. To the extent the materials designated as constituting or containing protected information are produced subsequent to the execution of this stipulation by all counsel but prior to execution and entry by the Court, those materials shall be maintained by the parties in the manner set forth under the terms of this stipulation pending such execution and entry by the Court. In the event that the Court declines to execute and enter this Protective Order, those materials shall be maintained by the parties in the manner set forth under the terms of this stipulation until such time as the Court

{00028888.DOC}

addresses the handling of protected information by entry of an acceptable alternative Protective Order or by such other means adopted by the Court.

20. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation so long as protected information is not disclosed in the process.

21. Nothing in this Order shall bar or otherwise restrict disclosure of confidential information as may be required by law.

By: /s/

*Attorneys for Defendant*
Ira J. Lipton (IL 4835)
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street
New York, New York 10016
(212) 689-8808

By: /s/

*Attorneys for Plaintiff*
Michael Chartan (MC 4609)
Duane Morris LLP
1540 Broadway
New York, New York 10036
(212) 692-1016

By: /s/

*Attorneys for Plaintiff Surties*
Adam P. Friedman (AF5700)
Wolff & Samson PC
One Boland Drive
West Orange, New Jersey 07052
(973) 530-2029

DATE: February 1, 2013

IT IS SO ORDERED.

/s/
UNITED STATES MAGISTRATE JUDGE

DATED this 15th day of February, 2013.

{00028888.DOC}

## APPENDIX A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCKHEED MARTIN TRANSPORTATION SECURITY SOLUTIONS, AN OPERATING UNIT OF LOCKHEED MARTIN CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>MTA CAPITAL CONSTRUCTION COMPANY and METROPOLITAN TRANSPORTATION AUTHORITY,<br><br>Defendants. | No. 09 CV 4077 (PGG)(GWG) |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, FEDERAL INSURANCE COMPANY, and SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Plaintiffs,<br><br>-against-<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, MTA CAPITAL CONSTRUCTION COMPANY, NEW YORK CITY TRANSIT AUTHORITY, and LOCKHEED MARTIN CORPORATION,<br><br>Defendants. | No. 09 CV 6033 (PGG)(GWG) |

### EXPERT'S/CONSULTANT'S
### ACKNOWLEDGMENT OF PROTECTIVE ORDER

    1.    My full name is _____

{00028888.DOC}

2. My address is _____

3. My present employer is _____

4. My present occupation or job description is _____

5. I have carefully read and understand the provisions of the Protective Order entered in this action.

6. I agree to be bound by and will comply with all of the provisions of the Protective Order. I understand that any failure by me to abide by the terms of the Protective Order may subject me, without limitation, to whatever penalties the Court, in its discretion, deems appropriate.

7. I have a reasonable need, related to this action, for access to protected information.

8. I will not disclose any protected information to anyone not identified in paragraphs 8 9 of the Protective Order. I will use any such information only with respect to this action and not for any other purpose whatsoever.

9. I will return all protected information that comes into my possession, and all documents or things which I have prepared relating to such information, to an attorney representing the party by whom I am employed.

10. I submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order, and I freely and knowingly waive any right I might otherwise have to object to the jurisdiction of said Court, for matters relating to the Protective Order.

_____
[Signature]

{00028888.DOC}

State of _____

County of _____

On this _____ day of _____, 2013, _____. satisfactorily proven to me to be the person whose name is subscribed to the within instrument, appeared before me and acknowledged that (s)he executed the same for the purposes therein contained.

In witness whereof I set my hand and official seal.

_____
Notary Public

My commission expires on _____

{00028888.DOC}