NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA

# Duane Morris®

*FIRM and AFFILIATE OFFICES*

MICHAEL CHARTAN
DIRECT DIAL: +1 212 692 1016
PERSONAL FAX: +1 212 253 4271
E-MAIL: mlchartan@duanemorris.com

*www.duanemorris.com*

BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

January 31, 2014

**VIA ECF AND FACSIMILE**

Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square, Chambers 2204
New York, New York  10007-1312

      Re:    **Lockheed Martin Corporation, et al. v. MTA, et al.
Civil Action No.: 09 Civ. 4077 (PGG)**

Dear Judge Gardephe:

      Our firm is counsel for Plaintiff Lockheed Martin Corporation ("Lockheed Martin") in the above referenced action.  Lockheed Martin, Defendants MTA Capital Construction Company and Metropolitan Transportation Authority (collectively "MTA") and the Sureties  submit this joint letter to respectfully request consideration by  Your Honor of  a number of topics related to the pending summary judgment motions, pre-trial order and scheduled trial date of April 28, 2014.  Prior to sending this letter, counsel for all parties conferred on January 21, 2014 during a ninety (90) minute telephone call. The results of the call include this letter, which all counsel participated in preparing.

      Pending Summary Judgment Motions

      Counsel have conferred and jointly request oral argument of the motions, to the extent Your Honor believes it will assist the Court.

Honorable Paul G. Gardephe
January 31, 2014
Page 2

### Trial Date

The parties are mindful of Your Honor's extremely busy schedule and the fact that our clients' lawsuit is only one of many before this Court. With this in mind, and for the reasons stated below, it is our joint belief that an adjustment to the Court's current scheduling order may be appropriate.

Counsel believe that the preparation and content of the joint pre-trial order and other pre-trial submissions, including witness affidavits, exhibits, proposed findings of fact, and motions *in limine*, as well as the length of trial itself will be significantly affected by the Court's decision of the pending summary judgment motions. Moreover, the current Order provides that the pre-trial papers, except motions *in limine*, are to be submitted within 60 days of the Court's decision. Since, as we understand, the motions *in limine* would follow the other pre-trial submissions, we are concerned that the current trial date may leave insufficient time for the parties to submit, and for the Court to decide, the *in limine* motions.

The parties respectfully submit that their clients' joint interest is that there be a reasonable adjournment of the trial date to allow for the summary judgment motions to be decided sufficiently in advance of trial so that the pre-trial submissions and any motions *in limine* can appropriately reflect only those issues to be tried.

Therefore, the parties jointly request a brief adjournment of the trial date from April 28, 2014 so that we might have the benefit of the Court's decision on the pending motions. We propose that June 9, 2014 may be a reasonable date to commence trial, depending, of course, on the Court's schedule. This is the second request to change the trial date, the first having been made to move the trial from April 14, 2014 to April 28, 2014 due to the Passover holiday.

### Length of Trial

The parties have conferred and believe that, if all issues were to be tried, including those now before the Court in the pending summary judgment motion, they would need at least six (6) consecutive weeks to present all issues at trial, including the ones raised in the pending summary judgment motions. We have reviewed the transcript from the April 19, 2013 status and pre-summary judgment motion conference and determined that the length of trial was not raised with the Court. Counsel jointly believe that the amount of trial time can be significantly reduced if some or all of the issues raised on summary judgment are determined prior to trial.

### Pre-Trial Papers and Motions *In Limine*

The current schedule is for the parties to serve pre-trial papers sixty (60) days after the decision on the summary judgment motions, except for the motions *in limine*, which are now scheduled for February 17, 2014, with responses due on March 10, 2014. We propose, consistent with the current Order, that, pre-trial submissions be filed sixty (60) days after the

Honorable Paul G. Gardephe
January 31, 2014
Page 3

decision on summary judgment, but that motions *in limine* be served two (2) weeks thereafter, and responses be served and the in *limine* motions filed two (2) weeks thereafter. This is the first request made by the parties to change the dates for motions *in limine*.

### Live Direct Testimony

At the April 19, 2013 conference, we mentioned that a portion of each party's case can be best told through live direct witness testimony. This is a departure from the Court's requirement for direct witness affidavits. We respectfully request the Court's permission for the parties to employ live direct witness testimony at trial.

### Other Issues Regarding the Pre-Trial Order

In the Court's rules, the phrase "case-in-chief" is used to describe what must be included in the pre-trial order and other submissions. A question has arisen about whether the term "case-in-chief" extends to rebuttal material as well as defenses to claims and counter-claims. The Court's guidance is requested so that the parties do not run afoul of the rules regarding the pre-trial order and submissions. A related question concerns the length of the pre-trial memorandum of law and guidance on the rules regarding the one-page synopses of designated deposition testimony.

Counsel for the parties are available, at the Court's convenience, for a conference to discuss any of the above matters, should the Court find that to be useful. We otherwise look forward to the Court's directions on these topics. As always, the parties and counsel appreciate the courtesy and attention afforded by Your Honor and Chambers.

Respectfully,

*Michael P. Chartan*

Michael L. Chartan (MC 4609)

MC:ag

cc:   Ira J. Lipton, Esq., Hoguet, Newman Regal and Kenney, LLP, for MTA (via email)
      Adam P. Friedman, Esq., Wolff & Samson PC, for the Sureties (via email)