

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA

*FIRM and AFFILIATE OFFICES*

MATTHEW A. TAYLOR
DIRECT DIAL: +1 215 979 1140
PERSONAL FAX: +1 215 689 4437
E-MAIL: mataylor@duanemorris.com

*www.duanemorris.com*

BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

March 25, 2014

**VIA ECF AND FACSIMILE**

Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square, Chambers 2204
New York, New York 10007-1312

      Re:    **Lockheed Martin Corporation, et al. v. MTA, et al.
               Civil Action No.: 09 Civ. 4077 (PGG)**

Dear Judge Gardephe:

      Plaintiff Lockheed Martin Corporation ("Lockheed Martin") submits this letter as requested by Chambers and pursuant to this Court's Individual Rule of Practice 10(C)(iii) to request that a limited number of witnesses provide live direct testimony in Lockheed Martin's case in chief. Recognizing that live direct testimony may impact the length of trial, Lockheed Martin also proposes several strategies to streamline the trial.

I.      <u>Utility of Live Direct Testimony</u>

      Lockheed Martin seeks leave from this Court's Individual Rules of Practice 10(C)(iii) to present live direct testimony of no more than six (6) witnesses (fact and expert) in each party's case in chief. We believe that the proposed limited direct testimony will assist this Court in navigating through the: (a) complex factual background that forms the basis of the parties' claims; and (b) the voluminous record of documentary and testimony evidence that will be presented at trial.

      The Integrated Electronic Security System project ("IESS Project") that is the subject of this case was not only complex, including facilities construction, computer hardware and computer software, it also spanned over four years. Moreover, during the litigation, the parties took sixty-one (61) fact and expert depositions and marked over one thousand deposition exhibits.

DUANE MORRIS LLP

1540 BROADWAY   NEW YORK, NY 10036-4086        PHONE: +1 212 692 1000   FAX: +1 212 692 1020
                                                                              DM1\4544966.1

Honorable Paul G. Gardephe
March 25, 2014
Page 2

We believe that the complexity of the material facts in Lockheed Martin's case in chief can be significantly streamlined by the use of live testimony from a limited number of fact witnesses. Through live testimony, key witnesses can explain and connect discrete aspects of the IESS Project and documentary evidence with clarity and continuity that would be lost if Lockheed Martin submitted only affidavits to be introduced at trial. Live testimony would also provide an opportunity for the witnesses to present complicated facts summarily and concisely, at times using demonstrative aids, to guide the Court through the voluminous evidence.

II.   Proposed Strategies for Trial Efficiency

We recognize that live direct testimony may reduce the efficiency that often accompanies a non-jury trial. To address those concerns, we propose the following additional strategies to streamline the trial:

1.   Narrow the subject matter for each witness's live direct testimony by requiring each party to prepare an affidavit for each live witness, addressing the witness's education, background, experience and to the extent possible, straightforward exhibits and/or topics;

2.   Allocate each party one-half of the allotted trial time to put on their respective cases in chief, conduct cross-examinations and call rebuttal witnesses; and/or

3.   Allow each party brief opening and closing statements, intended only to succinctly guide the Court through the evidence.

We previously conferred with Ira Lipton, counsel for the MTA defendants, about this matter. Our understanding is that the MTA wants to present live testimony by its proposed expert witnesses. As a result, Lockheed Martin is submitting its own letter and not a joint letter.

Counsel for Lockheed Martin is available, at the Court's convenience, for a conference to discuss any of the above matters. We look forward to the Court's direction and appreciate the attention afforded by Your Honor and Chambers.

Respectfully,

*Matthew A. Taylor*

Matthew A. Taylor (MT 2914)

cc:   Ira J. Lipton, Esq., Hoguet, Newman Regal and Kenney, LLP, for MTA (via email)
      Adam P. Friedman, Esq., Wolff & Samson PC, for the Sureties (via email)