# WOLFF ▪ SAMSON

**ADAM P. FRIEDMAN**
One Boland Drive
West Orange, NJ  07052
(973) 530-2029
Fax: (973) 530-2229
afriedman@wolffsamson.com

July 18, 2014

**<u>Via ECF</u>**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

        Re:    <u>Lockheed Martin v. MTA Capital Construction</u>
               Docket No.: 09-CV-4077 and 09-CV-6033

Dear Judge Gardephe:

      We represent "the Sureties"[1] in this action.

      Pursuant to Order dated July 10, 2014, the Joint Pre-Trial Order was to be filed on July 10. By e-mail late in the afternoon of July 11 (Exhibit "A"), we were advised by counsel for the MTA that the MTA failed to include "the piece of our claim against the sureties" in the Joint Pre-Trial Order materials that were submitted on July 10.[2]

      The evening of Monday, July 14, I received what the MTA advised it intends to add to the Joint Pre-Trial Order as the summary of its claims against the Sureties and its supposed categories of damages (Exhibit "B"). As to the categories of damages, the MTA asserts that it will seek to recover at trial from the Sureties, *inter alia,* (a) punitive damages, and (b) return of the premium for the Sureties' performance bond.

      In the more than five years of this litigation, the MTA has *never* provided the Sureties with an iota of notice that its Counterclaim against the Sureties, which alleges that the Sureties breached their Performance Bond when they did not complete the IESS Project after the MTA terminated Lockheed Martin, seeks punitive damages, or any other category of damages other than those for which the MTA alleges Lockheed Martin is liable.

---

[1] The Sureties are Travelers Casualty & Surety Company of America, Federal Insurance Company, and Safeco Insurance Company of America.

[2] The Sureties and the MTA had been attempting to reach an agreement that, if approved by the Court, would have severed the claims between the MTA and the Sureties from the Lockheed Martin/MTA trial, but such negotiations were unsuccessful, and the discussions terminated on July 7.

WOLFF & SAMSON PC
One Boland Drive, West Orange, NJ  07052 ▪ (973) 325-1500 ▪ Fax: (973) 325-1501
140 Broadway, 46th Floor, New York, NY  10005 ▪ (212) 973-0572
128 West State Street, Suite 3, Trenton, NJ  08608 ▪ (609) 396-6645

www.wolffsamson.com

WOLFF · SAMSON

The Honorable Paul G. Gardephe
July 18, 2014
Page 2

Attached as Exhibit "C" is the MTA's Counterclaim against the Sureties (without the exhibits). The Counterclaim does not contain the phrase "punitive damages" anywhere, nor does it contain anything other than ordinary breach of contract allegations against the Sureties.

Attached as Exhibit "D" are the MTA's 2009 responses to the Sureties' Interrogatories. In response to Interrogatory 5, requesting that the MTA identify the damages sought from the Sureties, the MTA identified the identical categories of damages that it seeks from Lockheed Martin (in Interrogatory 6): (a) the alleged cost to complete the IESS project, (b) additional damages due to *Lockheed's* supposed breaches/delay, and (c) recovery of a supposed overpayment for design work. At no point during the five years of this litigation has the MTA supplemented these interrogatory responses to identify a demand against the Sureties for punitive damages, or any other category of damages not originally identified.

We do not know what the factual basis or legal theory for punitive damages might be, since the MTA has never alleged such a claim. Perhaps the claim is for some kind of "bad faith" in not performing under the Performance Bond. Such a claim is not cognizable under New York law absent allegations and a showing, *inter alia,* that the Sureties' alleged failure to perform under the Bond is so egregious that it is actionable as an independent tort, and that their supposed failure to perform is part of a pattern directed at the public generally. *N.Y. Univ. v. Continental Ins. Co.,* 87 NY2d 308, 316, 639 NYS2d 283, 287 (1995) (citing *Rocanova v. Equitable Life Assurance Soc'y of the United States,* 83 NY2d 603, 612 NYS2d 339 (1994)); *see Aniero Concrete Co. v. N.Y. City Constr. Auth.,* 2000 WL 863208 (S.D.N.Y. 2000) (in which Judge Haight rejected the same claim for punitive damages against a surety). "It is a well-settled principle of New York law that the extraordinary remedy of punitive damages is not available for claims asserting merely a breach of contract. . . . Courts have consistently held punitive damages to be unavailable where the nature of the conduct amounted to nothing more than willful breach of contract, bad faith or simple negligence." *Aniero,* 2000 WL 863208 at *28-*30. There cannot be any reasonable dispute that the allegations in the Counterclaim assert "merely a breach of contract" and do not approach satisfying the law's requirements for punitive damages.

As a result of the MTA's failure to plead punitive damages, identify punitive damages as a category of damages sought in their discovery responses, or otherwise place the Sureties on notice that the MTA was seeking anything from the Sureties other than the identical damages it seeks from Lockheed Martin, the Sureties have been denied (a) the opportunity to move to dismiss the demand for punitive damages as legally insufficient under New York law (as one would not move to dismiss a claim that has not been alleged), (b) the opportunity to explore the basis of such a demand in discovery (in the event the claim somehow survived a motion to dismiss), and (c) the opportunity to move for summary judgment after discovery dismissing the Counterclaim to the extent it seeks punitive damages.

By letter dated July 15, 2014 (Exhibit "E"), the Sureties requested that the MTA revise its addition to the Joint Pre-Trial Order by removing the references to punitive damages and return of the bond premium (no claim for rescission ever having been pled). By letter dated July 16, 2014 (Exhibit "F"), the MTA refused to do so, curiously contending that the MTA's interrogatory responses (Exhibit "D") refer to such damages, and claiming that the MTA may move to amend at trial to seek such damages. No explanation is provided, however, as to why a motion to

WOLFF · SAMSON

The Honorable Paul G. Gardephe
July 18, 2014
Page 3

amend was not made previously, when the "discovery record" supposedly indicated the viability of such demands (the MTA never explains how the "discovery record" does so).[3]

We request, most respectfully, the Court's direction as to how to proceed. The Sureties cannot sign a Joint Pre-Trial Order that provides for the trial of damages that have not been pled, that would be legally insufficient and subject to dismissal had they been pled, and as to which they have had no notice and thus no opportunity to conduct discovery and move against. We further request, most respectfully, that the Court address this issue at its earliest opportunity, so that the trial briefs and proposed findings of fact and conclusions of law due on July 23, motions in limine due on August 1, and the pre-trial conference scheduled for August 28 can focus upon the claims and defenses that are properly the subject of the trial.

Thank you for your consideration of this letter.

Respectfully,

Adam P. Friedman

Encls.

cc: Ira J. Lipton, Esq. (via e-mail, w/encls.)
Michael L. Chartan, Esq. (via e-mail, w/encls.)

---

[3] The MTA deposed a representative of the Sureties (Bruce Corriveau) on June 13, 2012, and deposed the Sureties' consultant (Michael Spinelli) on September 24, 2012.