UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

LOCKHEED MARTIN TRANSPORTATION
SECURITY SOLUTIONS, AN OPERATING UNIT
OF LOCKHEED MARTIN CORPORATION,

        Plaintiff,        09 CIV 4077 (PGG) (GWG)

        -against-        ECF CASE

MTA CAPITAL CONSTRUCTION COMPANY
and METROPOLITAN TRANSPORTATION
AUTHORITY,

        Defendants.

-----------------------------------------------------------------

TRAVELERS CASUALTY AND SURETY        09 CIV 6033 (PGG) (GWG)
COMPANY OF AMERICA, FEDERAL
INSURANCE COMPANY, and SAFECO
INSURANCE COMPANY OF AMERICA,

        Plaintiffs,

        -against-

METROPOLITAN TRANSPORTATION
AUTHORITY, MTA CAPITAL CONSTRUCTION
COMPANY, NEW YORK CITY TRANSIT
AUTHORITY and LOCKHEED MARTIN
CORPORATION,

        Defendants.

-----------------------------------------------------------------

**MOTION IN LIMINE TO PRECLUDE THE ADMISSION OF THE REPORTS OF**
**<u>MTA'S PURPORTED EXPERTS AS EVIDENCE</u>**

I.  **INTRODUCTION**

Expert reports are inadmissible hearsay. Nonetheless, Defendants MTA Capital Construction Company and Metropolitan Transportation Authority (collectively "MTA") improperly identify the purported expert reports of Howard Safir, Howard Reith, Craig Hughes, Gary H. Jentzen, and Donald Fredlund as proposed trial exhibits on their Proposed Trial Exhibit List. Additionally, each of those purported experts submitted affidavits on behalf of MTA that refer to those reports as substantive evidence. This should not be permitted.

Legal precedent from this and other judicial districts uniformly states that expert reports are inadmissible hearsay. While an expert may testify as to his opinion and the grounds for his opinion, his report may not be admitted for the truth of the matters asserted therein. Put simply, the reports of Messrs. Safir, Reith, Hughes, Jentzen, and Fredlund each constitute out of court statements that MTA offers for the truth of the matters asserted therein. Fed. R. Evid. 801(c), 802. Moreover, those reports themselves contain hearsay and reference and attach materials and documents that would not otherwise be admissible as evidence. Accordingly, MTA should be precluded from introducing these reports as evidence.

II. **BACKGROUND**

MTA served Lockheed Martin Corporation ("Lockheed Martin") with the purported expert reports and revisions to those reports of Howard Safir, Howard Reith, Craig Hughes, Gary H. Jentzen, and Donald Fredlund as proposed trial exhibits on its Proposed Trial Exhibit List. (*See* Exhs. MTAX1053 (6/17/2011 Safir Report); MTAX1074 (11/6/2012 Safir Report); MTAX1054 (6/21/2011 Reith Report); MTAX1055-1059 and 1059.1 (Appendices to 6/21/2011 Reith Report); MTAX1077 (12/7/2012 Reith Report); MTAX1076 (Hughes 12/7/2012 Report); MTAX1066-1071, 1075 (PMA (Jentzen and/or Fredlund) Reports and supporting materials)). MTA also submitted trial affidavits for each of its purported experts. However, MTA's

purported experts, rather than stating their opinions and the grounds therefor in their trial affidavits, merely refer to their expert reports and the fact that each is identified on MTA's exhibit list.  In this manner, MTA intends for the Court to accept its purported experts' reports as substantive evidence.  For example, MTA's purported expert Howard Safir states the following in his affidavit:

> 3. I submitted my initial expert report, titled "Expert Report: Evaluation of the Lack of Required Functionality in the System Provided by Lockheed Martin on MTA Contract C-52038," on June 17, 2011. It is marked as MTAX1053.
>
> 4. I also submitted a rebuttal expert report, titled "Expert Report: Response to 'Initial Expert Report Concerning Physical Security Technology Integration and Testing' as prepared for Duane Morris LLP on behalf of Plaintiff Lockheed Martin Transportation Security Solutions, an Operating Unit of Lockheed Martin Corporation by Aella Consulting Group, Inc. and Louis T. DeStefano, Inc. on June 2, 2011," on November 6, 2012. It is marked as MTAX1053.

(Affidavit of Howard Safir, Ex. MTAX1199 ¶¶ 3, 4.).  Notably, Mr. Safir does not incorporate anything stated in his report into his affidavit by reference, nor does he even attest to the truthfulness or accuracy of the opinions or statements made in his reports.[1]  The other affidavits submitted by MTA's purported expert witnesses are the same.  (*See* Affidavit of Howard Reith ¶¶ 5, 8; Affidavit of Craig Hughes ¶¶ 4, 122; Affidavit of Gary H. Jentzen ¶¶ 3-4; Affidavit of Donald Fredlund ¶¶ 3-4, Exhs. MTAX1179, 1185, 1187, 1197.)  Having failed to provide detailed sworn statements from its purported experts stating their opinions and the grounds therefor, MTA, instead, seeks to take a shortcut by proffering each of their reports into evidence.

The impropriety of submitting the unsworn reports of MTA's purported experts into evidence is compounded by the fact that each of the reports themselves contain hearsay and

---

[1] Even if he did, the Rules of Evidence offer no mechanism by which such a hearsay statement can, later, be rendered non-hearsay and admissible.

reference and attach materials and documents that otherwise would not be admissible. In this way, MTA seeks to make a record it otherwise could not. By way of example, the reports of Messrs. Safir, Reith, Hughes, Jentzen, and Fredlund contain the following inadmissible materials:

- References to unauthenticated, hearsay documents for which no foundation was laid.

- References to other hearsay reports prepared by MTA's purported experts.

- References to unsworn out of court hearsay statements by other people.

- References to deposition testimony of MTA's own witnesses who have submitted trial affidavits.

- References to deposition testimony not designated for trial.[2]

None of these statements, materials, or documents would be admissible if MTA sought to introduce them at trial. The MTA, therefore, should not be permitted to introduce them as substantive evidence through the reports of its purported expert witnesses.

MTA's purported expert reports are hearsay, and they contain hearsay and other inadmissible matters that should not be admitted as substantive evidence. Accordingly, MTA should be precluded from introducing them as substantive evidence.

## III. ARGUMENT

### A. Expert Reports Offered By The Proponent Of the Expert Witness Are Hearsay And Inadmissible

The rule, followed in this district and elsewhere is that if an expert report is offered by the proponent of the expert witness in lieu of or to reinforce the trial testimony of the witness, the

---

[2] Lockheed Martin provides examples because the instances of inadmissible statements, materials, and documents referenced or attached in MTA's purported expert reports are too numerous to fully identify in this filing, further highlighting the impropriety of introducing the reports as evidence. Specific examples of inadmissible materials contained in MTA's expert reports is identified in the Appendix submitted with this motion.

3

statements included in such a report are hearsay falling under no exception to the hearsay rule. *Murphy v. Metro. Transp. Auth.*, No. 05 Civ. 376, 2009 U.S. Dist. LEXIS 37085 (S.D.N.Y. Apr. 14, 2009); *see also Ake v. General Motors Corp.*, 942 F. Supp. 869, 877-78 (W.D.N.Y. 1996) (excluding as hearsay the report of an expert because it was not a business record, or a record of events made at or near the time of the event, or a record involving the proponent's regularly conducted business, or a public record, or a prior consistent statement because it was not offered to rebut a charge of recent fabrication or improper motive, or an adoptive admission because it was not offered against the party who adopted it, or the basis for the expert's opinion because "the report is his opinion"); *Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 96 Civ. 7874, 2002 U.S. Dist. Lexis 7535, at *19-20 (S.D.N.Y. Apr. 30, 2002) ("The written report[] of any expert expected to testify for either the [plaintiffs] or [defendant] is hereby excluded as inadmissible hearsay."); *Herrin v. Ensco Offshore Co.*, No. 00-3051, 2002 U.S. Dist. Lexis 5744, at *6-7 (E.D. La. Mar. 26, 2002) (sustaining plaintiff's objections to defendant's proffer of two expert reports as trial exhibits on grounds of hearsay); *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 09-CV-261, 2010 U.S. Dist. LEXIS 108170 (W.D. Wis. Oct. 8, 2010) ("The request to preclude admission of the expert report into evidence was granted. Expert reports are hearsay and, further, need not be admitted into evidence when the expert will testify to the opinions contained in the report.").

While an expert "may testify about . . . things in the report . . . the report itself is inadmissible." *Ake*, 942 F. Supp. at 877-78; *see also Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728 (6th Cir. 1994) ("Rule 702 permits the admission of expert opinion testimony not opinions contained in documents prepared out of court.") (citing Fed. R. Evid. 702); *Law v. Nat'l Collegiate Athletic Ass'n*, 185 F.R.D. 324, 341-42 (D. Kan. 1999) (excluding from trial a

testifying expert's written report, and noting that "an expert's written report is generally inadmissible"). Accordingly, an objection to a proponent's inclusion of the report on its trial exhibit list is appropriate and should be sustained. *Fortier v. State Farm Mutual Auto Ins. Co.*, No. 99-2136, 2000 U.S. Dist. Lexis 11361, at *12-13 (E.D. La. July 31, 2000) (sustaining plaintiff's and defendant's objections to one another's inclusion of their own expert's reports on their trial exhibit lists, noting that such reports are inadmissible hearsay, unless used for impeachment).

The same result should be reached here. MTA's purported expert reports are inadmissible hearsay, falling into no exception to the rule against hearsay. Moreover, they contain inadmissible materials that should not be admitted. MTA should, therefore, be precluded from offering the reports of Messrs. Safir, Reith, Hughes, Jentzen, and Fredlund as substantive evidence.

### B.   The Purported Expert Reports MTA Seeks To Admit As Evidence Are Also Inadmissible Because They Contain Hearsay And Reference And Attach Other Inadmissible Material And Documents

The purported expert reports MTA seeks to admit as evidence are further inadmissible because they contain hearsay and reference and attach other inadmissible material and documents. As detailed above, Messrs. Safir, Reith, Hughes, Jentzen, and Fredlund all refer in their reports to out of court statements made by other individuals and contained in various hearsay documents. These reports also refer to unauthenticated documents containing hearsay for which no foundation has been laid. MTA would not be permitted to introduce such matters into evidence if it merely placed them on its exhibit list. It should not be permitted to do so through its purported experts' reports.

As a general rule, experts are permitted to rely on inadmissible evidence if "experts in [their] particular field would reasonably rely on those kinds of facts or data in forming an

5

opinion on the subject." Fed. R. Evid. 703.  An important limitation on the general rule, however, is that "the proponent of the opinion may disclose [those facts or data] to the [finder of fact] only if their probative value in helping the [finder of fact] evaluate the opinion substantially outweighs their prejudicial effect." *Id.*  As the Second Circuit has held, "[t]he expert may not, however, simply transmit that hearsay [or other inadmissible facts or data] to the jury.  Instead, the expert must form his own opinions by applying his extensive experience and a reliable methodology to the inadmissible materials.  Otherwise, the expert is simply repeating hearsay evidence without applying any expertise whatsoever, a practice that allows the Government to circumvent the rules prohibiting hearsay." *United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008) (internal citations omitted); *Lakah v. UBS AG*, No. 07-Civ-2799, 2014 U.S. Dist. LEXIS 37883 (S.D.N.Y. Mar. 20, 2014) ("It is true that much of Imburgia's report simply summarizes the government reports, bank records, and other documents which have already been deemed inadmissible.  These parts of the expert report are thus also inadmissible: an expert may not introduce otherwise inadmissible hearsay into evidence at trial by simply summarizing an investigation by others that is not part of the record."); *CIT Group/Business Credit, Inc. v. Graco Fishing & Rental Tools, Inc.*, 815 F. Supp. 2d 673, 678 (S.D.N.Y. 2011) ("The Court notes, however, that Kilbourne's testimony is not admissible to prove the underlying facts concerning the Occidental transaction because, as CIT points out, Kilbourne's knowledge of that transaction is based on hearsay.  While an expert may rely on hearsay in forming his opinion, he may not simply transmit that hearsay to the jury to prove the truth of the matter asserted.").

      For the same reason MTA should not be permitted to introduce its expert reports as substantive evidence.  Those reports do precisely what the Second Circuit held an expert may not do; they recite and, therefore, transmit the inadmissible facts and data on which the experts

purport to rely, thereby "circumventing" the rules of evidence. Under Rule 703, the prejudice to Lockheed Martin of admitting MTA's purported expert reports far outweighs any value to MTA of admitting the expert reports. Indeed, MTA has, consistent with the Court's Individual Rules of Practice, submitted affidavits from each of its purported experts that, if otherwise admissible, the Court may consider. The only value to the MTA of admitting its purported experts' reports is to backfill their affidavits with hearsay and other evidence that would otherwise be inadmissible and should not be part of the trial record. Lockheed Martin, on the other hand, is put in a position in which it is faced with countless hearsay statements (and other inadmissible materials contained in the reports of MTA's expert witnesses) that it cannot confront. Lockheed Martin cannot cross-examine an out of court declarant nor can it cross-examine an unauthenticated document for which no foundation has been laid. Thus, MTA should be barred from introducing its expert reports as evidence in this case.[3]

## IV.   CONCLUSION

For each of the foregoing reasons, MTA should be precluded from introducing the purported reports of Messrs. Safir, Reith, Hughes, Jentzen, and Fredlund as evidence. (Exhs. MTAX1053 (6/17/2011 Safir Report); MTAX1074 (11/6/2012 Safir Report); MTAX1054 (6/21/2011 Reith Report); MTAX1055-1059 and 1059.1 (Appendices to 6/21/2011 Reith Report); MTAX1077 (12/7/2012 Reith Report); MTAX1076 (Hughes 12/7/2012 Report); MTAX1066-1071, 1075 (PMA (Jentzen and/or Fredlund) Reports and supporting materials)).

---

[3] On April 17, 2014, the Court issued an Order denying the requests for live witness testimony from fact or expert witnesses. The Court's rules require delivery of sworn statements "constituting the direct testimony of each trial witness." Individual Rules of Practice dated October 3, 2013, Rule 10(C)(iii). The Rules do not provide for the introduction of an expert report through an affidavit.

8

Dated:  New York, New York  
August 4, 2014

Respectfully submitted,

**DUANE MORRIS LLP**  
*Attorneys for Plaintiff and*  
*Co-counsel for Sureties*

By:  /s/ *Nicole Woolard*  
Michael Chartan, Esq. (MC 4609)  
Matthew A. Taylor, Esq. (MT 2914)  
Sandra A. Jeskie, Esq. (Pro Hac Admission)  
Jeffrey S. Pollack, Esq. (Pro Hac Admission)  
Michael Hogan, Esq. (MH 3397)  
Nicole Woolard, Esq. (NW 1010)  
1540 Broadway  
New York, New York  10036  
(212) 692-1016

**APPENDIX**

**References to unauthenticated, hearsay documents
for which no foundation was laid:**

| Report | Citation |
|---|---|
| MTAX1053 | Pages 5-6 fns. 6-7, 9 and associated text; Pages 8-9 fn. 10 and associated text |
| MTAX1054 | Pages 13-19 (Bibliography of hearsay documents that are cited and referred to throughout report);  Page 74 (reference to Mythical Man Month); Page 75 (referencing unidentified "studies") |
| MTAX1066 | Pages vi-ix (identifying attachments to report (MTAX1068), including hearsay documents nos. 10-13, 15-19, 22-26, 28, 30-33, 35-36, 46-51, 56-61, 63-66, 68-69, 72, 74-83, which are cited and referred to in report); Page 27 (referencing FiveStar0000977509776); Page 79-84 (referencing UGOS Database – also not relevant for reasons stated in Motion in Limine to Preclude UGOS Database) |
| MTAX1069 | Pages 4-5 (identifying attachments to report (MTAX1071), including hearsay documents nos. 1-22, 24-25, which are cited and referred to in report); Page 20 (referring to letter); Page 44 (same); Pages 49-50 (referring to emails); Page 72 (referring to presentation); Page 75 (referring to statement regarding review comments); Page 76 (referring to email); Pages 77-78 (referring to letter and email); Page 83 (referring to presentation); Pages 85-86 (referring to meeting minutes); Page 87 (referring to letter); Page 88 (referring to meeting minutes); Pages 92-93, 100-101, 102-105 (referring to letters); Page 108 (referring to "project documents"); Pages 118, 123 (referring to letter) |
| MTAX1074 | Page 10 fn. 21 and associated text; Page 44 fns. 95-98 and associated text |
| MTAX1075 | Page 24 fns. 45-46; Page 25 fn. 49-51; Page 26 fn. 52; Page 21 (discussing MTA's experts' reports) |
| MTAX1076 | Page 15 fn. 27 and associated text; Page 21 fn. 42 and associated text; Page 22 fn. 43 and associated text; Page |

|  | 38 fn. 79 |
|---|---|
| MTAX1077 | Page 4 fn. 2 and associated text; Page 6 fn. 5 and associated text; Page 8 fn. 13 and associated text; Page 13 fn. 23 and associated text; Page 14 fn. 26 and associated text; Page 17 fn. 32 and associated text; Page 23 (referring to the PMA report); Page 53 fn. 98 and associated text. |

**References to other hearsay reports prepared by MTA's purported experts:**

| Report | Citation |
|---|---|
| MTAX1066 | Pages 68-69 (referencing opinion of Reith) |
| MTAX1069 | Page 93 |
| MTAX1074 | Page 33 (discussing initial report); Page 33 fn. 64 |
| MTAX1075 | Page 11 fn. 11; Page 12 fn. 13; Page 13 fn. 16; Page 17 fn. 25 |
| MTAX1076 | Page 9 fn. 10 and associated text; Page 12 fns. 19-22; Page 26 fns. 50-52 and associated text; Page 36 fns. 76-77; Page 39 fn. 82 |
| MTAX1077 | Page 9 fn. 14 and associated text; Page 19 fn. 38 and associated text; Page 20 fns. 42-43 and associated text; Page 22 fn. 46; Page 24 fn. 48 and associated text; Page 26 fn. 53 and associated text; Page 28 fns. 54-55, 58 and associated text; Page 33 fn. 73 and associated text; Page 34 fn. 75 and associated text; Page 42 fn. 91; Page 64 fn. 109; Page 72 fn. 111 and associated text |

2

**References to unsworn out of court hearsay statements by other people:**

| Report | Citation |
|---|---|
| MTAX1054 | Pages 59-60 (referencing discussion with Terry Fetters and others); Pages 19-20 (referencing discussions with unidentified vendors) |
| MTAX1066 | Page 17 (regarding what MTACC alleged) |
| MTAX1069 | Page 91 (referring to interviews with Resident Engineer); Pages 109-110, 112 (referring to interviews) |
| MTAX1074 | Page 9 (referencing proposal and discussion regarding unrelated RFP); Pages 42-43 fn. 91 and associated text; Page 45-47 fn. 102 and associated text; p. 48-49 |
| MTAX1075 | Page 24 fn. 45 and associated text |
| MTAX1077 | Page 29 fns. 61, 63, 64 and associated text; Page 30 fn. 66 and associated text. |

**References to deposition testimony of MTA's own witnesses who have submitted trial affidavits:**

| Report | Citation |
|---|---|
| MTAX1077 | Page 19 fn. 40 and associated text; Page 20 fn. 41 and associated text |

**References to deposition testimony not designated for trial:**

| Report | Citation |
|---|---|
| MTAX1066 | Page 24-26 (referencing Grant deposition); Pages 27-28 (same); Page 78-79 (same) |
| MTAX1076 | Page 47 fn. 95; p. 49 fn. 102 and associated text |

3