UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCKHEED MARTIN TRANSPORTATION SECURITY SOLUTIONS, AN OPERATING UNIT OF LOCKHEED MARTIN CORPORATION,<br><br> Pl                              aintiff,<br><br>-against-<br><br>MTA CAPITAL CONSTRUCTION COMPANY and METROPOLITAN TRANSPORTATION AUTHORITY,<br><br>                         Defendants. | No. 09 CV 4077 (PGG)(GWG) |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, FEDERAL INSURANCE COMPANY, and SAFECO INSURANCE COMPANY OF AMERICA,<br><br> Plaintiffs,<br><br>-against-<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, MTA CAPITAL CONSTRUCTION COMPANY, NEW YORK CITY TRANSIT AUTHORITY, and LOCKHEED MARTIN CORPORATION,<br><br>                         Defendants. | No. 09 CV 6033 (PGG)(GWG) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE MTA'S EXPERT REPORTS**

HOGUET NEWMAN REGAL & KENNEY, LLP
10 East 40th Street
New York, NY 10016
Phone:  212-689-8808

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT ............................................................................................................................2

    I.    The Incorporation of the Expert Reports into the Expert Trial Affidavits is a Convenient and Practical Way of Presenting these Affidavits. ..........................2

    II.   MTA's Expert Reports Are Admissible. .................................................................4

    III.  MTA's Expert Reports Do Not Contain Hearsay-Within-Hearsay. .........................5

CONCLUSION .........................................................................................................................9

# **TABLE OF AUTHORITIES**

## **Cases**

*Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398 (S.D.N.Y. 2011) ..........................4, 5

*BanxCorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280 (S.D.N.Y. 2013) ..............................4

*Celebrity Cruises Inc. v. Essef Corp.*, 434 F. Supp. 2d 169 (S.D.N.Y. 2006)................................4

*Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, --F. Supp. 2d--, No. 10–CV–1341, 2014 WL 2534833 (E.D.N.Y. June 5, 2014) ...................................................................................4

*Ebbert v. Nassau Cnty.*, No. CV-05-5445, 2008 WL 4443238 (E.D.N.Y. Sept. 26, 2008) ............4

*Floyd v. City of New York*, No. 08 Civ. 1034, 2013 WL 1955683 (S.D.N.Y. May 13, 2013) .................................................................................6

*Kuebel v. Black & Decker Inc.*, 643 F.3d 352 (2d Cir. 2011)..........................................................4

*Linde v. Arab Bank, PLC*, 922 F. Supp. 2d 316, 323 (E.D.N.Y. 2013)...........................................6

*Sanders v. Mount Sinai Sch. of Med.*, 418 F. Supp. 2d 339 (S.D.N.Y. 2005) .............................4, 8

*Snyder v. Wells Fargo Bank, N.A.*, No. Civ. 4496, 2012 WL 4876938 (S.D.N.Y. Oct. 15, 2012)..................................................................................4

*United States. v. Dukagjini*, 326 F.3d 45 (2d Cir. 2003) .................................................................4

*Unites States v. Klein*, 488 F.2d 481 (2d Cir. 1973) .......................................................................4

*United States v. Lopez*, 282 F.3d 1 (1st Cir. 2002) ........................................................................4

## **Rules**

Fed. R. Civ. P. 26(a)(2)(B) ...............................................................................................................5

Fed. R. Evid. 702 ..........................................................................................................................4, 5

Fed. R. Evid. 703 ..........................................................................................................................1, 5

Fed. R. Evid. 801(d).........................................................................................................................4

Fed. R. Evid. 803(18).......................................................................................................................7

**PRELIMINARY STATEMENT**

Lockheed contends that the trial affidavits submitted by MTA's expert witnesses are somehow deficient because these witnesses refer the Court to their written expert reports instead of restating the substance of the reports in their affidavits. Lockheed argues that the reports used in this manner are hearsay and further objects to the reports because they contain hearsay within the reports.

Lockheed is incorrect on multiple levels. First, numerous courts, including the Second Circuit Court of Appeals, have held that expert reports are indeed admissible. Second, Lockheed's argument does not take into account the fact that this Court ordered that direct testimony be submitted in writing, via affidavit. It is in this unique context that MTA determined to incorporate its experts' reports into the affidavits by attaching them to the sworn statements, rather than having the experts rewrite the exact same content and re-present it in affidavit form, as Lockheed has done. In our view, there is nothing to be gained by such an exercise. Insofar as the two different forms are concerned, there is no difference in substance and the witness is subject to precisely the same cross-examination. Lockheed is seizing upon a pure technicality.

Finally, Lockheed confuses the question of whether MTA's expert reports are themselves hearsay (they are not) with whether they contain hearsay statements. Not only are MTA's expert reports not hearsay, the statements within them that Lockheed claims are hearsay are in fact admissible because they are statements of the type that "experts in the particular field would reasonably rely on . . . in forming an opinion on the subject." Fed. R. Evid. 703. Any statements of others in MTA's expert reports are not included as direct evidence of the truth of those statements; nor are they used to side-step the hearsay rule. Rather, they are included to show what the expert relied upon in coming to his conclusion.

1

**ARGUMENT**

I.   **The Incorporation of the Expert Reports into the Expert Trial Affidavits is a Convenient and Practical Way of Presenting these Affidavits.**

MTA's experts submitted trial affidavits that summarized their opinions and the material and information on which they based those opinions. As each witness attests, the detailed basis and full explanation for their respective opinions are set forth in their respective reports and rebuttal reports, which were explicitly identified by each witness along with the corresponding MTA trial exhibit number where each report is to be found. *See* Reith ¶¶ 5, 8; Safir ¶¶ 3, 4 [1]; Hughes ¶ 4; Fredlund ¶¶ 3, 4; Jentzen ¶¶ 3, 4. MTA submitted its expert testimony in this way in the interest of efficiency. We did not believe that there would be any advantage to the Court by taking the contents of the expert reports and reconstituting the same material as numbered paragraphs in a new written statement, as Lockheed has done.

In fact, our review of Lockheed's Trial Declarations for its experts (Roger Nebel, Frank Davies, Louis DeStefano and Douglas Peterson) reveals that in each case, the Declaration was prepared in significant measure by simply cutting and pasting from the witnesses' expert reports. The Declarations are simply taken verbatim from the reports. Further, as to sections of the expert reports that were not included in the declarations, Lockheed in many instances simply attached those pieces of the reports to their declarations. (See Declaration of Ira J. Lipton at ¶¶ 19-24.) Lockheed never states why its method of submitting expert reports (verbatim re-statements with attachments from the original reports) is materially different from the MTA's method of preparing short summary reports with references to the full reports, which are included as separate trial exhibits.

---

[1] Mr. Safir's affidavit accidentally stated that both his initial expert and rebuttal reports were marked as MTAX1053. This is a typographical error. MTA's exhibit list states that Mr. Safir's rebuttal report is marked as MTAX1074.

Because the Court has called for sworn written statements instead of live testimony, we believe that MTA's experts' references to their reports, and including those reports in the trial record in conjunction with the short summaries in their affidavits, is a practical and efficient means to satisfy the Court's objective. None of the cases that Lockheed cites preclude this; indeed, none involve the situation here, where direct testimony is submitted by affidavit for a bench trial and the issue is whether the witness can offer his report in lieu of rewriting it into the affidavit.

Moreover, we see no distinction beyond the purely technical between Lockheed's attachment of expert reports, or sections thereof to their trial affidavits, which have been submitted into the record, and MTA's method of including these reports as trial exhibits and having the witnesses refer the Court to those exhibits in their trial affidavits.[2] In either case, the witnesses adopt the report as their testimony and are subject to cross examination on those reports in the same manner as if they were "cut and pasted" into an affidavit.

Lockheed does not even raise a question of fairness here. They have had the expert reports for years, had the opportunity to depose MTA's expert witnesses on these reports, and have not even argued that they are disadvantaged by the MTA's method of presentation of their experts' trial affidavits, because there would be absolutely no basis for doing so. Moreover, Lockheed engages here in a rather sharp practice, since they were well aware of MTA's intention to submit these expert reports as part of the trial record more than two months before the trial affidavits were submitted and three months before they filed their *in limine* motion. Had they a

---

[2] For example, Mr. Peterson's Trial Declaration at "Attachment C" is his expert report at Exhibit "Tab D"; and his other Trial Declaration attachments are taken directly from his expert report attachments. Mr. Davies and Mr. DeStefano also attach to their Trial Declarations the appendices to their expert reports. (*See* Declaration of Ira J. Lipton at ¶¶ 19-24.)

3

genuine concern about our including the expert reports in the trial record, they surely could have raised it but did not do so.[3]

## II. MTA's Expert Reports Are Admissible.

In any case, the expert reports *are* admissible. First, given the context in which they are being submitted, they are not hearsay. Once a witness admits in sworn testimony that a prior statement made is true, "he adopts the statement and there is no hearsay problem." Fed. R. Evid. 801(d) advisory committee's note. *See Unites States v. Klein*, 488 F.2d 481, 483 (2d Cir. 1973), (where witness affirms truth of prior statement, that prior statement is considered affirmative evidence); *see also United States v. Lopez*, 282 F.3d 1, 17 (1st Cir. 2002) (citing *Klein* and advisory committee's notes to Fed. R. Evid. 801(d) for same proposition).

In any case, it is well within the trial court's discretion to decide whether expert reports are admissible or not. *See, e.g., Kuebel v. Black & Decker Inc.*, 643 F.3d 352 n.8 (2d Cir. 2011); *Ebbert v. Nassau Cnty.*, No. CV-05-5445, 2008 WL 4443238 (E.D.N.Y. Sept. 26, 2008); *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, --F. Supp. 2d--, No. 10–CV–1341, 2014 WL 2534833 (E.D.N.Y. June 5, 2014); *BanxCorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280, 320 (S.D.N.Y. 2013); *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 411 (S.D.N.Y. 2011); *Snyder v. Wells Fargo Bank, N.A.*, No. Civ. 4496, 2012 WL 4876938 (S.D.N.Y. Oct. 15, 2012); *Sanders v. Mount Sinai Sch. of Med.*, 418 F. Supp. 2d 339, 342 (S.D.N.Y. 2005); *Celebrity Cruises Inc. v. Essef Corp.*, 434 F. Supp. 2d 169, 192 (S.D.N.Y. 2006). The Rules of Evidence provide a liberal standard for the admissibility of expert testimony, *United States. v. Dukagjini*, 326 F.3d 45, 52 (2d Cir. 2003), and consider whether an expert report is admissible, for example, where the expert's report or testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue". Fed. R. Evid. 702; *see,*

---

[3] *See* Declaration of Ira J. Lipton at ¶¶ 19-24.

*e.g., Arista Records*, 784 F. Supp. 2d at 414 (finding report and testimony of expert computer scientist admissible under Fed. R. Evid. 702).

There is no question that this Court has the authority to admit MTA's expert reports into evidence. As discussed above, MTA drafted its expert affidavits in this way for the convenience of the Court. The expert reports, which are adopted by MTA's witnesses in their affidavits, are not hearsay and are not offered for a hearsay purpose (i.e. as evidence of the facts asserted therein). Instead, they are offered as the witnesses' testimony, just as paragraphs of an affidavit would be. They provide a complete statement of their opinions, the basis and reasons for those opinions, the facts and data relied upon, and the witnesses' qualifications, among other things. (*See* Fed. R. Civ. P. 26(a)(2)(B)). Each report provides the witnesses' full analysis and methodology. These reports are offered as the witnesses' expert testimony, and Lockheed will have the opportunity to conduct cross examination of each witness on their report, in the same manner as would be the case if the MTA pasted the report into a new document with numbered paragraphs and had the witness re-execute it. Indeed, MTA makes the task easier for Lockheed this way, since they are presented with the same material they were presented with during discovery. Under these circumstances, the reports should be admitted into evidence.

### III. MTA's Expert Reports Do Not Contain Hearsay-Within-Hearsay.

Lockheed next claims that MTA's expert reports are inadmissible because they contain hearsay statements within them. As Lockheed acknowledges, however, "[a]s a general rule, experts are permitted to rely on inadmissible evidence if 'experts in [their] particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject.'" (Lockheed Memo of Law at pp. 5-6 (quoting Fed. R. Evid. 703).) MTA's experts do just that – rely on certain out of court statements as background or informing their opinion, which is perfectly

5

permissible, and necessary for them to conduct their analyses. For example, in *Floyd v. City of New York*, No. 08 Civ. 1034, 2013 WL 1955683, at *2 (S.D.N.Y. May 13, 2013), the court noted that plaintiffs' argument that defendants' expert report must be precluded because "Defendants are seeking to use an expert report to circumvent the rule prohibiting hearsay" was "entirely without merit as the [ ] Report very clearly uses the hearsay at issue with the express purpose of forming the basis for its expert opinion, which is permissible." The court further noted that "because this case is proceeding as a bench trial, hearsay testimony need not be as strenuously guarded." *Id. See also Linde v. Arab Bank, PLC*, 922 F. Supp. 2d 316, 323 (E.D.N.Y. 2013) ("Nor is Mr. Spritzen a mere conduit for inadmissible evidence. He has applied his expertise and methodology to evidence that might otherwise be excludable hearsay. . . . Mr. Spritzen's report demonstrates that he has applied his expertise to analyze the underlying evidence.").

The value of MTA's expert reports is not, as Lockheed claims, "to backfill their affidavits with hearsay and other evidence that would otherwise be inadmissible." (Lockheed Memo of Law at p. 7.) It is to provide the experts' reasoning and analysis, which are crucial to explain the conclusions they summarize in their affidavits. If Lockheed believes any of the out of court statements that MTA's experts relied upon are incorrect, the appropriate way of dealing with that is through cross-examining the witness about those statements. If the statements are false, it goes to the weight of the expert's testimony. The statements used in the expert reports, however, should not be precluded.

After their brief, Lockheed provides two tables of what it considers to be inadmissible hearsay statements contained in MTA's expert reports. To compile this table, Lockheed seems to have robotically collected every reference to an outside document without regard to whether it is truly hearsay or not. For example, in MTAX1077 (the Safir rebuttal report), Mr. Safir's

6

footnote 14 on page 9 simply directs the reader to the PMA Consultant's scheduling analysis for further information. That is not hearsay. Similarly, page 93 of the rebuttal report by PMA Consultants (MTAX1069) refers back to PMA's previous expert report for more information. Again, this is not hearsay.

The lack of any analysis on Lockheed's part is further reflected in the citation to the bibliography of MTA expert Howard "Skip" Reith, which is included in his expert report. (MTAX1054 at pages 13-19.) This bibliography is not hearsay. It is simply a list of documents that Mr. Reith says he used in drafting his report. Moreover, any references to the learned treatises he cites fall within the exception to the hearsay rule. Fed. R. Evid. 803(18). Lockheed also cites many of the attachments to the PMA reports (MTAX1066 and MTAX1069), but these are not hearsay either – all of these attachments are part of the actual analyses performed by PMA (and which were created based on Lockheed's own Project schedules).

With respect to the improper use of expert reports to get hearsay statements admitted for their truth, it bears noting that, while Lockheed wrongfully accuses MTA's expert of doing this, this is precisely what Lockheed's experts do. As explained in MTA's August 4, 2014 Memorandum of Law in Support of their Motions in Limine, ("Defs. Mot. In Limine"), Lockheed's experts used out of court statements to create a factual narrative, which the experts then presented as the truth. For example, Frank Davies' "analysis" does not draw on his purported area of expertise; in fact, his analysis draws on no expertise at all, stating what are essentially lay factual conclusions and inappropriate legal opinions drawn from a self-serving factual narrative. Mr. Davies simply retells Lockheed's version of the facts of the case with citations to various other documents. (Defs. Mot. In Limine at pp. 2-13"). There is no actual

7

analysis, just storytelling.[4]  By contrast, MTA's experts use documents as part of their analysis. For example, Howard Safir uses the Threat Vulnerability Risk Assessment not to parrot its conclusions, but rather to understand what risks MTA was trying to use the IESS system to protect against.  This is not a hearsay purpose; it is fundamental to his analysis.  Similarly, Lockheed takes issue with Howard Reith's reference, in a footnote, to studies finding that software fixes typically cause other bugs.  But this, too, is a proper use of a statement in a learned treatise, periodical, or pamphlet – in this instance, the "Proceedings of the 32nd ACM/IEEE International Conference on Software Engineering," as published – by an expert who reviews the third-party material and relates its findings to his analysis and experience, as Mr. Reith did in the footnote at page 75 to which Lockheed objects.[5]  Lockheed also faults Mr. Reith for identifying in his list of "Discussions with Individuals", at pages 19-20, that he spoke with outside vendors in the course of his analysis, a point on which they have already cross-examined him once, at his deposition.  Of course, an expert is permitted to consider outside materials, and statements of individuals, in the formation of his opinion.  Those statements are not here presented for their truth, but rather naturally served as food for thought in the formation of Mr. Reith's expert opinion and the development of his analysis.  *See, e.g.*, *Sanders*, 418 F. Supp. 339 at 342 ("[I]t appears that the purpose of these passages is not to engage in claim construction, but, rather, to lay a foundation for the opinion . . . [W]hen examined in the proper light, Stiefel's discussion of the claims included in the Botulinum Use Patent is 'not a simple bald assertion of the law and [is] not designed to invade the province of the trial court.'") (citation omitted).

---

[4] Mr. DeStefano engages in the same storytelling exercise through much of his affidavit, parroting Lockheed's narrative without applying any expertise or analysis of any kind.

[5] Lockheed also erroneously asserts that Mr. Reith's reference is to "unidentified 'studies,'" apparently failing or choosing not to read the document reference immediately following "studies" in the footnote.

Because MTA's experts used citations to outside sources in an appropriate manner, as foundation for their analyses and not in place of their own analysis, the Court should deny Lockheed's motion *in limine* to exclude MTA's expert reports.

## CONCLUSION

For the reasons stated above, MTA requests that the Court deny Lockheed's motion *in limine* to preclude the admission of MTA's expert reports into evidence. Alternatively, should the Court find any merit to Lockheed's motion, MTA respectfully requests permission to amend its expert's testimonial affidavits to reflect the information contained in its expert reports in the same manner that Lockheed prepared its experts' testimonial declarations.

Dated:   August 15, 2014
         New York, New York

                              HOGUET NEWMAN
                              REGAL & KENNEY, LLP

                        By:   _____
                              Ira J. Lipton (IL-4835)
                              Helene R. Hechtkopf (HH-7402)
                              Marc Melzer (MM-0677)
                              Edwin Fragoso (EF-5501)
                              10 East 40th Street
                              New York, NY 10016
                              Phone: 212-689-8808

9