UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCKHEED MARTIN TRANSPORTATION SECURITY SOLUTIONS, AN OPERATING UNIT OF LOCKHEED MARTIN CORPORATION, | No. 09 CV 4077 (PGG)(GWG) |
| Plaintiff, | |
| -against- | **DECLARATION OF SUZANNE MICHELLE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE** |
| MTA CAPITAL CONSTRUCTION COMPANY and METROPOLITAN TRANSPORTATION AUTHORITY, | |
| Defendants. | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, FEDERAL INSURANCE COMPANY, and SAFECO INSURANCE COMPANY OF AMERICA, | No. 09 CV 6033 (PGG)(GWG) |
| Plaintiffs, | |
| -against- | |
| METROPOLITAN TRANSPORTATION AUTHORITY, MTA CAPITAL CONSTRUCTION COMPANY, NEW YORK CITY TRANSIT AUTHORITY, and LOCKHEED MARTIN CORPORATION, | |
| Defendants. | |

Suzanne Michelle, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the following is true and correct:

1. I am employed by MTA New York City Transit ("NYCT") as a computer specialist, and have been identified as the custodian of the UGOS database.

2.    I respectfully submit this declaration in support of Defendants' Opposition to Lockheed's *Motion In Limine To Bar Any Evidence or Testimony Regarding the UGOS Database*.

3.    I understand that, in its Motion, Lockheed has cast doubt on the reliability and trustworthiness of the UGOS database based on my statement in my Trial Affidavit that "[n]ot all GO's are represented in the database (e.g., emergency plans), but the majority are, especially those that require significant planning effort." Michelle ¶ 8. See Lockheed Motion at pp. 3-4.

4.    Lockheed misconstrues the meaning of my comment.  To be precise in my Trial Affidavit, I wanted to be clear that not every single General Order is reflected in the database since there are occasions where access is given without advance planning.  A typical example is where NYCT employees need to perform emergency maintenance work (e.g. repairing water main breaks).  Another example is where there is a last minute request on behalf of a contractor to perform minor work that can be accommodated by allowing the contractor to "piggyback" on a pre-existing GO.

5.    These unplanned occasions account for a maximum of about 5-10% of GO's issued.  Many of these occasions, however, are in fact recorded in the UGOS database.  Those that would be recorded are those that would actually disrupt a contractor's scheduled work pursuant to a pre-existing GO.  In sum, only a small percentage (roughly 5-7%) of records do not get recorded in the UGOS database, which is something I thought should be identified in my Trial Affidavit.

6.    Those GO's that do not get recorded have no operational impact on the contractors working in NYCT's system.  The fact that the database does not reflect this small number of unplanned GO's has no bearing on the reliability of the UGOS database or the ability

2

of NYCT or the MTA's expert witness to draw reliable data from UGOS with respect to a contractor's history of access during the course of a project, or the experience of a given contractor compared to the universe of NYCT contractors.

Dated: New York, New York
August 14, 2014

_____
Suzanne Michele

3