UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCKHEED MARTIN TRANSPORTATION SECURITY SOLUTIONS, AN OPERATING UNIT OF LOCKHEED MARTIN CORPORATION, | No. 09 CV 4077 (PGG)(GWG) |
| Plaintiff, | |
| -against- | |
| MTA CAPITAL CONSTRUCTION COMPANY and METROPOLITAN TRANSPORTATION AUTHORITY, | |
| Defendants. | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, FEDERAL INSURANCE COMPANY, and SAFECO INSURANCE COMPANY OF AMERICA, | No. 09 CV 6033 (PGG)(GWG) |
| Plaintiffs, | |
| -against- | |
| METROPOLITAN TRANSPORTATION AUTHORITY, MTA CAPITAL CONSTRUCTION COMPANY, NEW YORK CITY TRANSIT AUTHORITY, and LOCKHEED MARTIN CORPORATION, | |
| Defendants. | |

**DECLARATION OF IRA J. LIPTON**

HOGUET NEWMAN REGAL & KENNEY, LLP
10 East 40th Street
New York, NY 10016
Phone:  212-689-8808

Ira J. Lipton, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the following is true and correct:

## I.      INTRODUCTION

1.      I am a Partner of the firm Hoguet Newman Regal & Kenney LLP, attorneys for Defendants Metropolitan Transportation Authority ("MTA") and MTA Capital Construction Company ("MTACC") (collectively, "Defendants") in this action. I am fully familiar with the facts set forth herein.

2.      I respectfully submit this Declaration in support of Defendants' Opposition to Lockheed's Motions In Limine.

## II.     ARGUMENT

### A.      <u>The UGOS Database</u>

3.      Lockheed's Motion asserts, among other things, that Lockheed's "knowledge and understanding of the UGOS database is limited"; that there would be "prejudice to Lockheed Martin of trying to determine what records MTA may actually refer to at trial from the massive UGOS database"; and that the presence of UGOS in "MTA's exhibit list constitutes the proverbial trial by ambush." *See* Plaintiff's Motion In Limine To Bar Any Evidence or Testimony Regarding the UGOS Database at Introduction, p. 1, and p. 5.

4.      Any suggestion that Lockheed has somehow been prejudiced by the admission of the UGOS database is baseless.

5.      MTA first produced the UGOS database to Lockheed in Discovery Production Volume 31 on September 30, 2011, with instructions on how to set up the database, after discovering and inspecting the database itself. See letter from Jules Cattie, Esq. to Michael Chartan, Esq. dated September 30, 2011, and annexed hereto as **Exhibit A.**

2

6.     Lockheed was later provided with findings from the database, as set forth in a database summary in the Amended Expert Report of its scheduling and delay expert, Gary Jentzen of PMA, on February 3, 2012 (two and a half years ago and nearly a year before the PMA deposition). *See* MTAX1066 at 79-84.

7.     In response to the PMA report, on April 5, 2012, Lockheed claimed that the inclusion of material from the UGOS database was "peculiarly prejudicial" to Lockheed because it had not previously been produced during document discovery and subsequently sought discovery of the database. See Letter from Mr. Chartan to Ira Lipton, dated April 5, 2012, is annexed hereto as **Exhibit B.**

8.     In a telephone conference with Mr. Chartan later that day, I alerted Mr. Chartan that MTA had in fact produced the UGOS database information the prior September 2011.

9.     Later the same day, April 5, 2012, Lockheed conceded that it had in fact received the UGOS database production on September 30, 2011. See email from Mr. Chartan to Mr. Lipton, dated April 5, 2012, annexed hereto as **Exhibit C;** and responsive email from Mr. Lipton to Mr. Chartan, dated April 5, 2012, annexed hereto as **Exhibit D.**

10.     In a letter dated June 5, 2012, Lockheed acknowledged MTA's UGOS database production of September 2011 but claimed that it lacked the Oracle software and "an unknown amount of additional programs and software, to make the database minimally usable" and "demanded the material necessary to make the UGOS database available to us in the same manner and to the same extent as Defendants have available to them." See letter from Mr. Chartan to Mr. Lipton, dated June 5, 2012, and annexed hereto as **Exhibit E.**

11.     In reply, on June 7, 2012 MTA reminded Lockheed that, as explained in the September 2011 production, the database was accessible via an easily obtainable Oracle database

server and that this was the only software needed to read the UGOS database. MTA referenced its September 2011 instructions to Lockheed on how to access the UGOS production and offered technical assistance and guidance in properly setting up the database.  See letter from Helene Hechtkopf, Esq. to Michael Chartan, dated June 7, 2012, and annexed hereto as **Exhibit F.**

12.     In a telephone conference with Mr. Chartan on June 8, 2911, I advised Mr. Chartan that the name of the UGOS database administrator was Suzanne Michelle.

13.     In a June 14, 2012 e-mail, MTA advised Lockheed that the Oracle software was free, and that there was no need to spend thousands of dollars on the software as Lockheed asserted. See email from Ms. Hechtkopf to Sandra Jeskie, Esq., dated June 14, 2012, and annexed hereto as **Exhibit G;** *see also* email from Mr. Chartan to Ms. Hechtkopf, dated June 14, 2014, annexed hereto as **Exhibit H.**

14.     In a June 15, 2012 e-mail, MTA reiterated to Lockheed that there was "no special 'UGOS GUI [graphical user interface]'" and that the file provided was usable in "Oracle XE (a free program)."  See email from Ms. Hechtkopf to Ms. Jeskie, dated June 15, 2012, and annexed hereto as **Exhibit I.**

15.     On August 10, 2012, MTA advised Lockheed again that the UGOS database MTA provided to Lockheed "nearly a year ago provides [Lockheed] with the same information that MTA had when the data was produced." The August 10 letter suggested that Lockheed queries be conducted by interrogatory or depositions.  See letter from Mr. Lipton to Mr. Chartan Correspondence, dated August 10, 2012, and annexed hereto as **Exhibit J.**

16.     On August 14, 2012, MTA and Lockheed participated in a meet and confer wherein MTA continued to re-address Lockheed's concerns regarding the database. See email from Mr. Chartan to Mr. Lipton, dated August 14, 2012, and annexed hereto as **Exhibit K.**

4

17.     On August 17, 2012, MTA provided Lockheed with further instructions as to how to use the database, including a key identifying the database terms, and the steps taken by MTA and its expert, PMA, to show precisely how they derived from the UGOS database the facts presented as to Lockheed's record of access compared to other contractors. See letter from Marc Melzer, Esq, to Ms. Jeskie, dated August 17, 2012, and annexed hereto as **Exhibit L**.

18.     Lockheed never sought any discovery on the UGOS database and took the deposition Gary Jentzen on January 31 and February 1, 2013.

### B.     MTA's Expert Reports

19.     Lockheed contends that the trial affidavits submitted by MTA's witnesses are somehow deficient because these witnesses refer the Court to their written expert reports, which MTA offers as trial exhibits, instead of restating the substance of the reports in their affidavits and/or  attaching the reports to the affidavits.

20.     A review by our office of Lockheed's Trial Declarations reveals that, in each case, the declaration was prepared in significant measure by simply cutting and pasting from the witness' expert reports.  Lockheed's witnesses also, in many instances, attached portions of their expert reports to the Trial Declarations.

21.     By contrast, each of the MTA experts submitted affidavits that summarized their opinions and the material and information on which they based those opinions.  Each expert refers the Court to their full report for a complete explanation of their opinions and analyses, and MTA included these reports as trial exhibits.

22.     MTA submitted its expert testimony this way in the interest of efficiency.  We did not believe that there would be any advantage to the Court by taking the contents of the expert

reports and reconstituting the same material as numbered paragraphs in a new written statement, as Lockheed has done.

23.     Lockheed was well aware of MTA's intention to submit these expert reports as part of the trial record more than two months before the trial affidavits were submitted and three months before they filed their *in limine* motion.  Had they a genuine concern about including the expert reports in the trial record, they surely could have raised it but did not do so. See emails between Mr. Lipton and Mr. Chartan, dated May 3, 2014, and annexed hereto as **Exhibit M.**

24.     We argue in our response to Lockheed's in limine motion concerning MTA expert witness affidavits that the method we used was proper and the expert reports are admissible.  If the Court determines our method of submitting the expert affidavits in summary form with references to the full reports to be entered as trial exhibits is incorrect, then we respectfully request permission to revise our expert Trial Affidavits accordingly.


Dated: New York, New York
         August 15, 2014

_____
                Ira J. Lipton