UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>November 12, 2014</u> | |

LOCKHEED MARTIN
TRANSPORTATION SECURITY
SOLUTIONS, AN OPERATING UNIT OF
LOCKHEED MARTIN CORPORATION,

         Plaintiff,

    - against -

MTA CAPITAL CONSTRUCTION
COMPANY and METROPOLITAN
TRANSPORTATION AUTHORITY,

         Defendants.

**ORDER**

09 Civ. 4077 (PGG)

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, FEDERAL
INSURANCE COMPANY, and SAFECO
INSURANCE COMPANY OF AMERICA,

         Plaintiffs,

    - against -

METROPOLITAN TRANSPORTATION
AUTHORITY, MTA CAPITAL
CONSTRUCTION COMPANY, NEW
YORK CITY TRANSIT AUTHORITY, and
LOCKHEED MARTIN CORPORATION,

         Defendants.

09 Civ. 6033 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        It is hereby ORDERED that the Court will hear oral argument in the

above-referenced matters on **November 14, 2014 at 9:30 a.m.** in Courtroom 705 of the

Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

        It is further ORDERED that the following schedule will apply to the

parties' post-trial submissions:

1. Initial post-trial briefs of not more than 50 pages, and proposed findings of fact
   and conclusions of not more than 75 pages, are due **November 24, 2014**;

2. Reply briefs of not more than 35 pages, and responses to proposed findings of fact
   and conclusions of law of not more than 35 pages, are due **December 5, 2014**;

3.  Lockheed will submit two appendices addressing the damages calculations of MTA witnesses Joseph Christen and Howard Reith by **November 24, 2014.** Any responses from the MTA are due **December 5, 2014.**

The parties are directed to address the following issues, among others, at oral argument:

1.  whether Lockheed's Test and Evaluation Master Plan ("TEMP") modified the requirements set forth in the Contract Documents;

2.  whether Lockheed's TEMP constitutes a contractual modification under Article 4.01 of the Terms and Conditions;

3.  the contractual significance, if any, of the "showstoppers" and "Beneficial Use";

4.  whether there was concurrent delay during the IESS project and, if the Court were to conclude that there was concurrent delay, the effect such a ruling would have on Lockheed's contractual entitlement to impact costs;

5.  the propriety of Howard Reith's determination to treat "pass with comments," "deferred" requirements, and "blocked" requirements as test failures;

6.  whether an appropriate network was in place that would have permitted linkage among the local, regional, and central C3 locations and the "Smart Sites";

7.  whether any contract provision entitled Lockheed to fifty-five hour weekend outages in the Under River Tunnels;

8.  the legal doctrines of waiver and election of remedies as they pertain to the testing program generally and, specifically, to the MTA's decision to proceed with testing despite the rate of test failures during Factory Acceptance Testing;

9.  the significance of LMX 170, an email in which MTACC General Counsel Ronnie Hakim makes the following statement to a Lockheed employee: "[r]egarding software acceptance, we agreed to interpret the contract in a manner in which LM could proceed with SIST by agency absent all functionality issues being resolved";

10. the significance of Kenneth Shield's refusal to sign the MTA's Default Notice to Lockheed in light of Article 8.01(a) of the Terms and Conditions; and

11. the significance of the MTA's purported delays in reviewing design drawings and providing Lockheed with access to communication rooms.

Dated: New York, New York
      November 11, 2014

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge

3